THE STATE v. MAHAN, *Appellant.*

Division Two, March 10, 1897.

1. **Appellate Practice**: CRIMINAL LAW: EMBEZZLEMENT: FAILURE OF EVIDENCE. The judgment of the trial court will be reversed when there is an entire failure of evidence to show the guilt of defendant as charged in the indictment.

2. **Criminal Law**: EMBEZZLEMENT: FAILURE OF EVIDENCE: CONSTABLE. Where the defendant was indicted for embezzling $100 collected by him on an execution as constable, and the evidence shows that when the execution was issued defendant was deputy constable, and that he was soon afterward appointed constable, but nothing appears to show whether he collected the money before or after his appointment, the court ought to have sustained a demurrer to the evidence. The State can not be permitted to charge the defendant with having collected money as constable and then proving its collection by him as deputy constable.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Orchard & Hines* and *A. H. Livingston* for appellant.

(1) There is a very important and just distinction between an officer who collects and handles public money and one who collects and handles private money. A constable in collecting executions is under law collecting and handling private money. He may have many executions in favor of one plaintiff, and against as many defendants. He is charged with embezzling money belonging to this plaintiff, but he is not informed by the indictment on what execution this money was collected nor from whom collected. (2) There is no excuse whatever for such failure to charge

the facts constituting the offense.   In order to consti-
tute the offense appellant must have had authority to
collect the money charged; or it could not belong to
T. I. Pitts.   Hence it was important and necessary to
charge that the money was collected under an execu-
tion; and if necessary to charge that it was collected
under execution, was it not also important to describe
the particular execution—against whom and from whom
collected?   In order to convict, it was necessary to
prove these facts and if necessary to be proven, was it
not also necessary to be charged?   Suppose that
defendant had collected money belonging to T. I.
Pitts on divers executions, could the conviction in this
case be pleaded in bar to another indictment?   Could
it be pleaded in bar to another indictment for the same
offense?   Is not this, then, the infallible test of the
sufficiency of an indictment?   (3) Even the vague
allegations of the indictment are not sustained by the
proof.   It is alleged that appellant collected money
"under a certain execution duly issued by J. A. Sigler,
justice of the peace."   The evidence shows that the
execution was issued on the twenty-ninth day of
August, 1893, and delivered to J. R. Renneker, con-
stable.   This is shown by the record of the justice.
Nothing is ever seen or heard of the execution after-
ward.   The record shows that appellant was not con-
stable until the fifth day of February, 1894.   The exe-
cution was issued more than five months before appel-
lant became constable, and over six months before the
money is charged to have been collected.   There is no
evidence that the execution was ever renewed or reis-
sued.   The execution expired at the end of ninety
days, and so far as the evidence shows the execution
was collected, or had ceased to exist at the expiration
of ninety days from August 29, 1893.   Renneker was
constable until February 5, 1894.

Vol. 138 mo—8

State v. Mahan.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   A reasonable inference of guilt being clearly shown by the testimony, the verdict of the jury will not be molested on the ground of insufficient evidence. (2) The indictment is sufficient in form.   All necessary averments are set out clearly and substantially informing defendant of the offense charged.   *State v. Flint*, 62 Mo. 393; *State v. Clarkson*, 59 Mo. 149; *State v. Manley*, 107 Mo. 364.   It was unnecessary to set out the names of the parties plaintiff and defendant in the execution.   The charge is made that he "converted to his own use and embezzled money that came to him by virtue of his office, to wit, $100, the money and property of one T. I. Pitts," and this sufficiently acquaints defendant of the offense charged.   In the case of *State v. Flint*, 62 Mo. 393, WAGONER, Judge, said:   "We do not think there is any valid objection to the indictment on account of its failure to state from whom defendant received the money, or to point out what particular money he embezzled, or whether it was State or county revenue, or how much belonged to either.   It is charged that he converted to his own use, while he was in office as sheriff and collector, large sums of money received by him as such, belonging to the State and county revenue, and that was sufficient."

SHERWOOD, J.—The defendant was indicted for embezzling as constable of Howell township in Howell county, a certain sum of money, the money of one Pitts, on the ——— day of March, 1894.

The indictment is as follows: "The grand jurors of the State of Missouri, summoned for the body of Howell county, impaneled, sworn and charged to inquire within and for the body of Howell county, upon

their oaths, present and charge that J. S. Mahan, late of the county aforesaid, on or about the —————— day of March, 1894, at the county of Howell, State aforesaid, then and there was an officer duly appointed and qualified by virtue of the laws of the State of Missouri, to wit: A constable for and within Howell township, Howell county, Missouri, did unlawfully and feloniously make away with, secrete and convert to his own use and embezzle money that came to him by virtue of his office as constable as aforesaid, to wit: One hundred dollars lawful money of the United States, the money and property of one T. I. Pitts, which said money came to and was collected by said J. S. Mahan by virtue of his official position aforesaid, under a certain execution duly issued by one J. A. Sigler, then a justice of the peace in and for said Howell township, Howell county, Missouri, duly qualified and authorized by law to issue said execution and placed in the hands of J. S. Mahan, constable as aforesaid, against the peace and dignity of the State."

Being tried, defendant was found guilty and his punishment assessed at two years in the penitentiary.

The indictment is framed under provisions of section 3555, Revised Statutes 1889, beginning with the words: "If any officer appointed or elected by virtue of the Constitution of this State, or any law thereof," etc.

The appeal of defendant should be successful for the reason of an entire failure of evidence to show the guilt of defendant *as charged* in the indictment. The evidence showed that judgment was rendered in the magistrate's court on the twenty-ninth of August, 1893, in favor of Pitts and against the securities on the note, and execution issued on the same day, and on that date delivered to Rennaker, the constable under whom defendant was serving as deputy. This execution it

seems was never returned.    Afterwards, Rennaker re-
moved from Howell county, and the county court on
the fifth of February, 1894, appointed defendant con-
stable to fill the vacancy.

But *when* the money in question was collected,
whether by defendant when deputy constable under
Rennaker, or subsequently when defendant became
constable, does not appear.    It seems quite clear that
he collected the money at *some* time, but in *what* capac-
ity does not appear.    It certainly can not be permitted
to charge a defendant with having collected money as
*constable* and then proving its collection by him as
*deputy* constable, nor *vice versa*.

The demurrer to the evidence was therefore well
taken, and judgment reversed and cause remanded.
All concur.