**STATE of Missouri, Respondent,**

**v.**

**John Samuel RIMA, Appellant.**

**No. 51037.**

Supreme Court of Missouri,

En Banc.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Thomas J. O'Brien, Special Asst. Atty. Gen., Kansas City, for respondent.

Kenneth K. Simon, Robert G. Duncan, Simon & Pierce, Kansas City, for appellant.

HYDE, Presiding Judge.

Defendant was convicted of robbery, first degree, and sentenced to eight years' imprisonment in accordance with the verdict of the jury. Secs. 560.120 and 560.135. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed and alleges error in refusing to sustain his motion for acquittal at the close of the evidence.

The robbery was at the Kansas City Star Credit Union, a few minutes after Brink's made a delivery of money, and $34,350.00 was taken by four masked men about 11:45 A.M., July 22, 1963. The masked men ran to a pink and white 1962 Buick in the street. Witness Larkins, driving north on Grand Avenue, saw the four masked men run to and get in the Buick and he stopped at its left rear as it pulled out from the curb. The driver of the Buick, who was not masked, looked back for two or three seconds toward Larkins, who was within 15 or 16 feet from him, and then drove north. Larkins identified defendant at the trial as the driver of the get-away car. Larkins followed the Buick to a parking lot on 15th Street at Main and then returned to the Star Building and contacted the police. Another witness, Hernandez, followed the Buick to the parking lot at 15th and Main and saw the men get out of the Buick, some going to a 1960 white Oldsmobile and some to an early 1950 red Plymouth. He could not identify any of the men. The license plate on the Buick was identified as one used on another car by a man who had previously been seen with defendant. Other material facts will be hereinafter stated.

The basis of defendant's claim for a directed verdict is his contention that the credible evidence was unsubstantial and insufficient to sustain a conviction and that there was reasonable doubt of his guilt as a matter of law. His argument is that Larkins had only a 20–200 vision without glasses (it does not appear he was without glasses); that he looked at the driver of the get-away car for only two or three seconds;

that when his deposition was taken he identified two photographs as pictures of defendant which were pictures of defendant's twin brother; and that the testimony of Larkins and Hernandez was in conflict as to which of their cars was directly behind the get-away car while it was driven from the Star Building to 15th and Main. (Hernandez said the closest he got to the Buick was about half a block.) Defendant also points out the testimony of his ten alibi witnesses who said they saw him or were with him at the City Market from 10:30 A.M. to 12:20 P.M. Defendant says an appellate court should reverse where the evidence clearly does not warrant conviction, citing State v. Mahan, 138 Mo. 112, 39 S.W. 465 (a rape case reversed and remanded for trial errors); or where the testimony is irreconcilable with human experience, citing State v. Sechrist, 226 Mo. 574, 126 S.W. 400 (a rape case in which conviction was affirmed); or where the evidence is so weak that the necessary inference is that the verdict is the result of passion, prejudice or partiality, citing State v. Caviness, 326 Mo. 992, 33 S.W.2d 940 (in which conviction was affirmed); and State v. Hancock, 340 Mo. 918, 104 S.W.2d 241 (in which the circumstantial evidence was held sufficient but reversed and remanded because of an erroneous instruction.) Defendant further argues the court's duty to pass on credibility to determine whether the testimony is sufficient to permit belief of guilt beyond a reasonable doubt, to grant relief where denial would shock the sense of justice and to see that no conviction shall stand which is the result of prejudice of the jury, citing State v. Dupepe, Mo.Sup., 241 S.W.2d 4 (reversed and remanded because of prosecuting attorney's improper argument); State v. Sarten, Mo.Sup., 344 S.W.2d 1 (holding jury case made but reversed and remanded because of improper cross-examination); State v. Spraggins, Mo.Sup., 368 S.W.2d 407 (holding evidence of identification sufficient and conviction affirmed); and State v. Webb, 254 Mo. 414, 162 S.W. 622 (reversed and remanded for misconduct of state's counsel).

■ In this case, the essential fact issue was identification and Larkins' identification of defendant as the driver was positive both at the police station on the day of the robbery and at the trial. As stated in State v. Reece, Mo.Sup., 324 S.W.2d 656, 659: "It was within the province of the jury to disbelieve defendant and the several witnesses by whom he sought to establish an alibi. The testimony upon which the jury based its verdict was of probative force, convincing in character and given by a reputable citizen." Alibi witnesses can be mistaken as to dates and the jury could reasonably have found that those in this case did not satisfactorily fix the particular date. Moreover, the state had testimony of two officers who arrested defendant a few hours after the robbery that he gave them a different account of his whereabouts between 10:30 and noon on that day from that given by his alibi witnesses. Our conclusion is that it was not error to refuse defendant's request for a directed verdict.

Defendant also claims error in denying his motion for mistrial because of witness Larkins' statement regarding seeing defendant in "mug-books" at the police station. This testimony of Larkins was as follows:

"Q. (By Mr. Mason) All right. Did you have occasion to observe him again, after you saw him there in the Buick Automobile?

"A. Yes.

"Q. When was it that you next saw him?

"A. In mug books at the police station.

"Q. And did you thereafter see him in person?

"A. Yes.

"Q. When was that?

"A. That evening in the police line-up.

"Q. Were you able to identify him there in the line-up?

"A. Yes.

"Q. As being the driver of the Buick?

"A. Yes."

The answer concerning defendant's picture was not responsive to the question asked but there was no motion to strike or request for action of any kind at the time. However, the next morning defendant filed a written motion for mistrial and when it was overruled asked the court to instruct the jury "to disregard any testimony concerning this photo identification." The court refused, stating the basis of its ruling to be that there was no objection of any kind or character at the time the testimony was given; and under the circumstances we consider this refusal to take any action at that time to be a proper exercise of the court's discretion. Reopening the matter at that time could have been harmful rather than beneficial to defendant. The trial court was in a better position than we are to determine whether there was any prejudicial effect from the answer of this witness.

■ However, defendant relies on State v. Baldwin, 317 Mo. 759, 297 S.W. 10, which involved testimony identifying a photograph of the defendant therein by the prosecuting witness, and we further consider defendant's claim because we find the Baldwin case unsound on this issue. The theory of the Baldwin case was that testimony of a witness concerning his identification of a photograph of the defendant therein was inadmissible because it was considered as a prior consistent statement for corroboration before any impeachment of the witness. (297 S.W. 1. c. 15, 16.) The Baldwin case overlooked the fact that the testimony therein of the identification of the defendant's picture was the direct testimony of the witness himself and not the testimony of another as to a prior statement or identification such witness had made. In State v. Buschman, 325 Mo. 553, 29 S.W.2d 688, 70 A.L.R. 904, this court pointed out that the authorities cited in the Baldwin case were cases in which the evidence rejected was testimony of third parties concerning a prior statement of a witness and not the testimony of the witness himself concerning identification. We said (29 S.W.2d 1. c. 691): "We have thus at some length discussed the Baldwin Case and the authorities therein cited and followed in order to show that the question there considered and decided was the competency vel non of testimony offered as original evidence to prove in corroboration of an unimpeached witness that such witness had previously made declarations consistent with his testimony, or by acts equivalent to such declarations had designated or pointed out the defendant as the guilty person. It did not decide that testimony given by an identifying witness on the witness stand to the effect that such witness had on prior occasions, either before or after the commission of the offense for which defendant was on trial, seen the defendant and recognized or known him to be the person seen by the witness at the commission of the offense." Therefore, the Buschman case held that a witness could so testify. See also State v. Nolan, Mo.Sup., 171 S.W.2d 653; State v. DePoortere, Mo. Sup., 303 S.W.2d 920. We see no reason why a witness likewise could not testify he recognized a photograph as that of the defendant "recognized or known to him to be the person seen by the witness at the commission of the offense." We find that view thus stated in 1 Wharton's Criminal Evidence 363, Sec. 182: "The identification which the witness makes may be at a time when the witness sees the person again and identifies him, as in a police line-up or in court, or it may be made from photographs, as an identification of police record photographs." See also 2 Wigmore, Evidence, 3rd Ed., Sec. 660, State v. Lanegan, 192 Or. 691, 236 P.2d 438, 441. There was another reason given for the reversal in State v. Baldwin, which was because testimony of the police photographer showed that the photograph identified was from the Bertillon room in which pictures of persons convicted of a felony were kept. See Sec. 222.-050. As to that this court (297 S.W. 1. c. 19) said: "So, under the law (presumably known by all citizens) the defendant's pic-

ture was in the Bertillon room of the city of St. Louis, wherein it had no place, unless, under section 4140 (RS 1919), he had been convicted of a felony and his conviction had not been reversed. This made this evidence highly prejudicial." However, insofar as State v. Baldwin holds that direct testimony of a witness that he recognized a photograph of a defendant as a person he saw, at the commission of the offense involved, was inadmissible it should no longer be followed. Therefore, we hold the statement of Larkins concerning recognition of a picture of defendant was not a basis for claiming prejudicial error.

 Defendant's final claim of error is that Instruction No. 6 was "confusing and misleading, erroneously and unlawfully tending to impose upon appellant the burden of proving his abili beyond a reasonable doubt." This instruction was as follows: "The Court instructs the jury that the defendant has interposed for a defense what is known as an alibi; that is, that even if the crime was committed, he at the time of the commission thereof, was at another and different place than that in which such offense was committed, and therefore was not and could not have been the person who committed the same. Now, if the evidence leaves in your mind a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty." Defendant concedes that we recently passed on this same instruction in State v. Bryant, Mo.Sup., 375 S.W.2d 107, 109, and we upheld it against the same complaints the defendant now makes, holding the claim of it being confusing, as to what evidence the jury should consider, to be insubstantial. As to the further claim "that it places the burden of proof of alibi upon defendant, whereas the burden of proving that defendant 'was there and committed the robbery' was upon the state," we there ruled: "This same criticism, leveled at an identical alibi instruction, was rejected by this court less than a year ago in State v. Washington, supra [364 S.W.2d 572], for

the reasons stated in two cases cited in that opinion, 364 S.W.2d 1. c. 577, namely, State v. Williams, 309 Mo. 155, 274 S.W. 427, 435 [12], and State v. Prunty, 276 Mo. 359, 208 S.W. 91, 95[5], viz., that where this instruction is given in connection with a proper instruction on reasonable doubt and presumption of innocence, this gives the defendant the full benefit of the defense of alibi and does not place the burden of proof upon him." Furthermore, Instruction No. 2 in this case required the jury to find beyond a reasonable doubt that defendant participated in the robbery. We find no prejudicial error in any of the complaints made concerning the trial of this case.

We have also examined the record as required by our Rules 28.02 and 28.08, V.A. M.R., and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.