**STATE of Missouri, Respondent,**

**v.**

**Melvin Leroy TYLER, Appellant.**

**No. 54830.**

Supreme Court of Missouri, Division No. 1.

May 11, 1970.

Motions for Rehearing and to Transfer to Court En Banc Denied June 8, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty.Gen., Jefferson City, for respondent.

Thomas E. Toney, III, St. Louis, for appellant.

HIGGINS, Commissioner.

Melvin Leroy Tyler, with four prior convictions of robbery, first degree, by

means of a dangerous and deadly weapon, was further charged with feloniously, wilfully, on purpose, and of his malice aforethought, making an assault with a deadly weapon with intent to kill. A jury convicted him and the court assessed his punishment at 25 years' imprisonment. Sections 556.280 and 559.180, V.A.M.S.

On August 3, 1968, at about 6:00 p. m., Officers Harry Plaisted and Thomas Parks of the St. Louis Police Department, were driving southwest on Gravois near Arsenal in St. Louis, Missouri. They were looking for a black-over-red 1965 to 1968 model Chevrolet and, at this point, spotted a 1968 Chevrolet with black vinyl top and red body going northeast on Gravois. They noticed three men in the Chevrolet, two in front and one in the rear, all looking at the officers. The officers noted that the Chevrolet accelerated as it passed and they made a U-turn and gave chase. They were unable to catch the Chevrolet but noted it turning right off Gravois into Pestalozzi. When the officers made the same turn they saw the Chevrolet stopped as if about to make a turn to go south on California. As the officers approached, the front and rear seat passengers in the Chevrolet opened fire on the officers with pistols. The officers stopped their vehicle about forty to sixty feet to the rear of the Chevrolet and returned fire with their assailants. In the process the rear window of the Chevrolet received a bullet hole. After several seconds the Chevrolet again sped away and, due to delay in starting their vehicle, the officers lost sight of the Chevrolet. Both officers identified the man in the back seat as the defendant.

At about 9:00 or 10:00 p. m., the same date, Officers Jansen and Miller were answering a call. They turned off Sarah into an alley between Sarpy and Clayton. As they turned, they saw the 1968 Chevrolet with a man standing beside it. When the man saw the police car he got into the Chevrolet and attempted to drive away. As he did so, the officers noticed the bullet hole in the rear window of the Chevrolet.

The driver lost control of the Chevrolet when Officer Jansen fired two shots and the Chevrolet hit a fence after which the driver rolled out, jumped a fence and made good his escape on foot. Both officers identified defendant as the driver of the Chevrolet at the time of this skirmish.

On August 5, 1968, Officers Powers and Peterson went to the Kansas City Police Department and brought defendant to St. Louis and, on August 6, 1968, he was identified in the Third District Station by Officers Parks and Plaisted as the man who shot at them from the rear of the Chevrolet. Likewise, Officer Miller identified him as the man who eluded him in the alley.

Defendant presented evidence which, if believed, would have established an alibi.

Sufficiency of evidence to sustain the judgment is not at issue and the statement demonstrates that the state made its case.

 Citing many of the well-known authorities, both federal and state, on the subject, and principally Stovall .v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Rivers v. United States, 5 Cir., 400 F.2d 935; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; United States v. Kinnard, D.C., D.C., 294 F.Supp. 286, Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267; United States v. Gilmore, 7 Cir., 398 F.2d 679; State v. Hamblin, Mo., 448 S.W.2d 603, appellant contends that the court erred in permitting Officers Parks, Plaisted, and Miller to testify to their identification of defendant on August 6, 1968, at the police station because: I. Defendant had no attorney present when the identification was made; II. The identification at the police station was conducted in a suggestive manner; III. He was not accorded a lineup. In this connection he also contends, I(B), that the officers' in-court identification of defendant should not have been admitted until after a determination by the court that

such identification had a source independent of the identification at the police station.

The difficulty with appellant's position is that he has no record upon which to stand. The record shows that there were no pre-trial *motions going to these matters;* it also shows and appellant admits that all of the officers' identification testimony went to the jury without objection; it shows in counsel's cross-examination of the officers that all the incidents and details of the officers' identification, including their opportunity to make their identification, were known to defendant's lawyer, and there were no motions to strike. Only at the close of the state's case was there any mention of these matters, and that came by way of a motion for directed verdict of acquittal which goes only to the sufficiency of the state's case. At no time was there any request that the court determine whether the officers' identification had a source independent of the proceedings at the police station.

With appellant's contentions in this posture, it is not necessary to discuss his citations. The situation is similar to that discussed in the concurring opinion of Judge Finch in State v. Coomer, Mo., 450 S.W.2d 194, 199–200, and his reasoning there is applicable to this case. In that case, too, there were no objections at trial to identification testimony, no motions to strike, and the cross-examination demonstrated familiarity with the confrontation from which the identifications were made. Such circumstances are "in sharp contrast with what occurred in United States v. Wade * * * and Gilbert v. California * * *. In those cases objections to the identification testimony were made. In the absence of such objections * * * there was no error preserved for * * * review unless the trial court was obligated *sua sponte* to raise the question at trial." In holding there was no such obligation, the situation was likened to that in State v. Jackson, Mo., 448 S.W.2d 895, holding that in the absence of an objection or request, a trial court is not required *sua sponte* to hold a Jackson v. Denno type hearing on the voluntariness of a confession. "The same reasoning would compel a decision that a trial court is not obligated sua sponte to raise an issue * * * whether identification testimony might be excluded on the basis that counsel was not offered at a confrontation" or the confrontation was otherwise allegedly unfair. The opinion paraphrases Garrison v. Patterson, 10 Cir., 405 F.2d 696, 697, where the necessity of a Jackson v. Denno procedure was considered and the paraphrase applies also to this case: " 'The record reflects that there was no objection to the introduction before the jury of the [identification testimony concerning defendant at the scene and later at the precinct station] and that no circumstances existed to cause an awareness that counsel was questioning such admissibility on [the ground that counsel was not provided or the confrontation was unfair]. * * * Therefore, the issue of admissibility of the [identification testimony] before the jury was not present, and the [United States v. Wade procedure of holding a hearing outside the presence of the jury to determine admissibility] was not required.' " This is also consistent with the many authorities that a timely objection is required to preserve questions for review even when they have some constitutional basis. E. g., State v. Smith, Mo., 310 S.W.2d 845; State v. Price, Mo., 422 S.W.2d 286; State v. Meiers, Mo., 412 S.W.2d 478; State v. Malone, Mo., 301 S.W.2d 750; United States v. Agueci, 2 Cir., 310 F.2d 817, 840[III].

■ Appellant's Point IV is that the court erred in failing to give an instruction limiting rebuttal testimony of Officers Parks, Plaisted, and Armes to an attack on the credibility of defendant's witnesses. The general charge in the motion for new trial indicates that appellant contends that by failing to instruct on this matter the court failed to instruct the jury on all questions of the law necessary to their guidance as required by Criminal Rule 26.-

02, V.A.M.R. In support of his position, appellant cites State v. Covington, Mo., 432 S.W.2d 267, in which such an instruction was given but the opinion does not indicate whether there was a request for the instruction. In any event, this record contains no request for a limiting instruction and, under Rule 26.02 supra, the trial court is not required to give cautionary instructions on collateral issues absent a request. State v. McQuerry, Mo., 406 S.W.2d 624, 629[9]. Limiting the effect of rebuttal testimony would be cautionary and collateral in the same sense of limiting the consideration of former convictions, and neither situation requires an instruction unless requested. State v. Meller, Mo., 382 S.W.2d 671, 674[3].

■■■ In Points V and X appellant charges that in not allowing him reasonable costs and time in which to have certain alibi witnesses at trial, and in not being able to subpoena witnesses Deranck and Ricke, he was denied his constitutional right to compulsory process for witnesses. The record is again contrary to appellant's contention. According to counsel's statement at trial, the "certain alibi witnesses" were Harriet and Charles Crawford and Linda Tyler, defendant's sister, all of Kansas City, and "two other witnesses * * * who are now in Walla Walla, Washington * * * and I feel in some manner that they could be of some help in this case." There is no showing that any attempt was made to subpoena these witnesses, appellant's family was shown to be aware of the trial date, and the trial had been continued four times at appellant's request. It appears that Deranck and Ricke were both of St. Louis and were not willing to leave work to testify voluntarily; however, there is no showing of a request for subpoenas to compel their presence.

These are not the circumstances of a denial of compulsory process. A court may not be convicted of interference with the right to compulsory process for attendance of witnesses when no request for such process has been filed. See State v.

Gailes, Mo., 428 S.W.2d 555, 560–561[8]; Ray v. United States, 8 Cir., 367 F.2d 258.

■■■ Point VI is a charge of error in permitting Officer Parks to state he had seen a photograph of defendant in connection with his identification of defendant. The argument is that this improperly placed defendant's character in issue in that the picture was in possession of the police and therefore showed defendant to have a police record or to have been convicted of a crime.

The only reference to the picture came in this question and answer: "Q Let me ask you whether or not after the incident on August 3 and before you saw him at the Third District on the 6th, you had seen the photograph of him? A Yes, sir." The picture does not appear to have been in evidence and no further detail appears concerning it. Consequently, it cannot be said that the photograph was any particular type of photograph or that it in any way showed a police record or prior conviction of defendant. So long as the testimony or photograph does not identify the party thus pictured as a criminal there can be no valid objection to an identification based on such a picture. State v. Rima, Mo., 395 S.W.2d 102, 105[3].

■■ Instruction 2 was "that, if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed, if you find a crime was committed, you will acquit the defendant." Appellant asserts, Point VII, that this instruction is bad because it shifts the burden of proof to defendant to prove his alibi defense. He concedes, however, that this same instruction was approved in State v. Howe, Mo., 343 S.W.2d 73, 75[4]; and, as in that case, the court also fully instructed the jury on the necessity of finding beyond a reasonable doubt that defendant was present and shot at his victim at a certain time and place before it could convict, and on the presumption of innocence.

In that context a fair reading of the instruction cannot be said to have in any way shifted the burden of proof to defendant. For other cases denying similar contentions with respect to similar alibi instructions, see State v. Mooring, Mo., 445 S.W.2d 303; State v. Giden, Mo., 369 S.W.2d 212; State v. Knicker, Mo., 366 S.W.2d 400; State v. Washington, Mo., 364 S.W.2d 572.

■ Appellant's Point VIII is that he was unduly prejudiced before the jury by the presence of not less than ten uniformed police officers seated together in the courtroom during final arguments of counsel.

There is no record to show the alleged presence of the officers, nor was there any objection to their presence, if they actually were present. This situation required an objection at the time it occurred if it did occur, and absent objection it has not been preserved for review. State v. Lay, Mo., 427 S.W.2d 394, 403[9]; State v. Anderson, Mo., 375 S.W.2d 116, 120[10]; State v. Selle, Mo., 367 S.W.2d 522, 527[6, 7]. See also State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22, 30–31[21–24].

■ Appellant's Point IX is that the conduct of the defense by his employed counsel denied him effective assistance of counsel.

This assertion fails for two reasons: It was not presented as a trial error to the trial court by motion for new trial as required by Criminal Rule 27.20, V.A.M.R., in order to be preserved for review; and appellant cites no specific action or inaction for review that would constitute ineffective assistance of counsel.

■ Also filed in this appeal are appellant's "Propria Persona Brief" and his ■

"Propria Supplemental Reply Brief." With one exception, appointed counsel has covered matters in those briefs in the brief filed on behalf of appellant. The exception is a charge that the indictment is defective with respect to charging prior convictions. The argument cites numerous cases, e. g., State v. Wiley, Mo., 412 S.W.2d 485; State v. Bryant, Mo., 375 S.W.2d 107; State v. Franck, Mo., 260 S.W.2d 52; State v. Brinkley, 354 Mo. 1051, 193 S.W.2d 49, to the effect the indictment is deficient if it failed to allege that after conviction the defendant was subsequently placed on probation, paroled, fined, or imprisoned. In this case, it was alleged (and proved) that defendant was four times convicted of robbery first degree by means of a dangerous and deadly weapon, "was duly imprisoned" on each conviction, and was duly discharged from the penitentiary upon compliance with the sentence. The disjunctive requirement of the statute was clearly met by "was duly imprisoned." Obviously, appellant's mistake lies in construing the statute as requiring that all the incidents subsequent to conviction be alleged in the conjunctive.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and MEYERS, Special Judge, concur.

BARDGETT, J., not participating because not a member of the court when the case was submitted.