**STATE of Missouri, Respondent,**

v.

**Jack WREN, Appellant.**

**No. 9385.**

Missouri Court of Appeals, Springfield District.

Aug. 16, 1973.

 

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sr., Special Asst. Atty. Gen., St. Louis, for respondent.

Dorman L. Steelman, Salem, for appellant.

BILLINGS, Judge.

Defendant Jack Wren was convicted by a Dent County jury of an assault with in-

tent to do great bodily harm without malice aforethought [§ 559.190, RSMo 1969, V.A.M.S.] and his punishment fixed at two years in the penitentiary. Motion for new trial was denied, defendant was granted allocution, and sentence and judgment followed. We affirm.

Defendant first challenges the sufficiency of the evidence to make a submissible case for the jury. He contends his motions for judgment of acquittal at the close of the state's case and at the close of all of the evidence should have been sustained because of the state's failure to prove beyond a reasonable doubt that he committed the crime charged.

We first observe that the defendant did not stand on his motion for judgment of acquittal at the completion of the state's case and introduced evidence in his own behalf. By so doing he waived any claim of error in the overruling of this motion. State v. Chester, 445 S.W.2d 393, 395 (Mo.App.1969). Consequently, the submissibility of the state's case must be determined upon the entire record. State v. Sykes, 372 S.W.2d 24, 25 (Mo.1963). And in our review we do not weigh the evidence or determine the credibility of the witnesses. State v. Talbert, 454 S.W.2d 1, 4 (Mo.1970). Our determination of submissibility of the case to the jury is whether there was substantial evidence, if believed by the jury, to sustain a verdict of guilty. State v. Missey, 361 Mo. 393, 234 S.W.2d 777. In ruling this question we consider the evidence in the light most favorable to the state and in support of the jury's verdict. State v. Clark, 445 S.W.2d 294 (Mo.1969).

Ralph Thompson, the victim of the assault, and the defendant had previously had "difficulties" arising out of a dispute over the ownership of a dog and the butchering of a hog. Defendant had claimed ownership of a dog Thompson had tied up at his home. Thompson had instigated the arrest and prosecution of the defendant in Magistrate Court for butchering a hog owned by Thompson. Defendant had entered a plea of guilty to this charge and paid a fine of $100.00 and made restitution in the sum of $50.00 to Thompson. Following these "difficulties" and prior to the assault in question, defendant had unsuccessfully attempted to stop Thompson as the latter was driving along a public highway with his wife and "get him to fight . . . I told him I was going to whip him, going to try to whip him."

Between sundown and dark on March 30, 1972, Thompson was enroute to his home in the Howe's Mill area from Viburnum in his pickup truck, accompanied by a dog. Just after Thompson passed a "park" or "pull-off" [identified by witnesses as a place where they could visit and drink] just across the line in Dent County he saw defendant's automobile following him. This automobile was described by Thompson as being a Plymouth convertible, "dirty" [gray] color with a dark top and "somewhere's in the '60's" [model]. The automobile followed him from the county line to Howe's Mill where Thompson stopped to pick up his mail. Thompson then proceeded homeward and about two miles down the road he saw a car partially blocking his path. He saw a man whose face he recognized beside the automobile and stopped his truck. This person asked Thompson for help with the car. Thompson recognized the automobile as defendant's and put his truck in gear in preparation to drive away. The unidentified man opened the right door of the truck and jumped in the cab and started striking Thompson with some wrenches. The dog grabbed the man's arm. At this point the defendant jerked open the door on the driver's side of the pickup truck and began hitting Thompson in the face and head with "iron nucks" he had on his right hand.

Thompson related that while defendant was hitting him the defendant called him an "old toothless son of a bitch" and "threatening me, telling me he was going to hit me, going to kill me." Defendant also

challenged Thompson to get out of the truck and fight him, saying: "If you whip me I'll kill you. If I whip you, I'll whip you every time I catch you out." Thompson declined defendant's offer because "There's too many of you."

When Thompson arrived at his home about 7 o'clock p.m. he had blood all over his face from cuts he had received from the "iron nucks." His wife did not drive, the keys to his truck were gone, and it was the following morning before he received medical attention for his injuries. His wife thereafter took two small photographs, exhibits A and B, of Thompson.

Defendant does not now question that Thompson was, in fact, the victim of an assault but seeks to cast doubt on Thompson's positive identification of him as an assailant by reason of suggested inconsistencies in Thompson's testimony. Defendant likewise questions the sufficiency of the existing light conditions for Thompson to identify him as an assailant. Again, we do not weigh the evidence and the credibility of witnesses was for the jury. Thompson knew defendant and lived in the same general area with him. He was consistently positive in his identification of the defendant. As was stated in State v. Tucker, 451 S.W.2d 91, p. 95 (Mo.1970): "The minor inconsistencies brought out on cross-examination were not of such significance that we could declare as a matter of law that the probative value of his testimony was destroyed. 'The testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient to establish the identity of the defendant in a criminal prosecution since the credibility of the witness and the weight of the evidence is for the jury.' State v. Williams, Mo., 376 S.W.2d 133, 136; State v. Stockdale, Mo., 415 S.W.2d 769, 771." Also see State v. Turnbough, 497 S.W.2d 856 (Mo.App.1973).

■ The jury rejected defendant's denial of the assault on Thompson and the evi-dence he offered that the Plymouth convertible was in his wife's possession (and view) at a nearby establishment at the time of the crime. We hold the evidence presented a sufficient basis to permit the jury to believe defendant assaulted Thompson. State v. Tucker, supra.

■ The state's use of the two photographs is next assigned as error. Defendant says they did not tend to prove or disprove any issue in the case and their inflammatory nature prejudiced the jury against him. We disagree. Whether Thompson had been assaulted was an issue the state was required to prove. Contrary to his appellate admission of this fact the defendant made no such admission or stipulation at the trial. The photographs were relevant on the issue of an assault having been committed on Thompson, and · although cumulative of the latter's account of the assault, they were, nevertheless, admissible. Further, the admissibility of photographic evidence, if relevant, is within the trial court's discretion. State v. Hendrix, 454 S.W.2d 40 (Mo.1970). We find no abuse of discretion and the point is denied.

During the course of Thompson's testimony he was asked a question calling for a narrative answer. No objection was made by defendant to the form of the question by the defendant. The answer included the remarks made by the unidentified man who was standing by defendant's automobile. The witness also testified as to what he "thought". Defendant's objection "to what he thinks" was sustained. No further objection was made to the answer, nor was there a motion to strike any portion of the answer. The defendant did object to the form of the question which followed [Q. Just tell us what happened.] and requested the witness be examined in specific question form. This objection and request were overruled.

Defendant charges error in permitting the witness to be examined via narrative

form because this resulted in the admission of irrelevant, immaterial and hearsay evidence, denying him a fair and impartial trial. In his brief defendant states the first narrative answer was "replete with hearsay". The relevancy and materiality of the answer is not here attacked.

■ The difficulties in defendant's contention are four-fold. First of all it is within the sound discretion of the trial judge to control the form of examination of witnesses. Thus whether a witness will be required to testify by specific question and answer or in narrative form, is discretionary and reviewable only for abuse. 98 C.J.S. Witnesses § 325 (1957); 58 Am.Jur., Witnesses, § 565 (1948); McCormick, Evidence, § 5 (2d Ed. 1972). Secondly, no objection of any type was made to the question. Following the answer, defendant's only objection ("to what he thinks") was sustained. The grounds now urged were not submitted to the trial court for action, and, no motion to strike any portion of the answer was made. The trial court cannot be convicted of error in these circumstances. Defendant cannot obtain retroactive benefit from a subsequent objection and cannot broaden the scope of such objection. Rule 27.20, V.A.M.R.; State v. Smith, 261 S.W.2d 50, 57 (Mo.1953). Lastly, although not properly reserved for our review, we would point out that the evidence of which defendant complains, albeit hearsay, was nevertheless admissible as part of the res gestae of the assault on Thompson. State v. Pflugradt, 463 S.W.2d 566, 572 (Mo.App.1971); State v. Rodgers, 102 S.W.2d 566 (1937). Defendant's point is denied.

In his final point for review the defendant claims prejudicial error was committed in the giving of Instruction No. 8 on alibi because, he contends, it shifts the burden of proof to defendant. Defendant's counsel frankly concedes this claim of error was not preserved in the motion for new trial. [Rules 27.20(a) and 79.03, V.A.M.R.] but requests we consider it as plain error under Rule 27.20(c), V.A.M.R.

■ The doctrine of plain error is limited to "Plain errors affecting substantial rights . . . when the court deems manifest injustice or miscarriage of justice has resulted therefrom." We are reminded by the Supreme Court that unless the court has so misdirected or failed to instruct the jury on the law of the case so as to cause manifest injustice, the plain error provision of Rule 27.20(c) is not available in matters relating to instructions. State v. Bridges, 491 S.W.2d 543 (Mo.1973).

Defendant seeks the saving grace of the plain error rule by contending that the alibi instruction given misdirects the jury. The language of the instruction has been construed by the Supreme Court and found not to shift the burden of proof onto an accused. State v. Tyler, 454 S.W.2d 564, 568 (Mo.1970). State v. Rollins, 449 S.W.2d 585, 591 (Mo.1970), cert. denied 399 U.S. 915, 90 S.Ct. 2220, 26 L.Ed.2d 573 (1970).

■ In considering whether the giving of the Instruction No. 8 misdirected the jury so as to result in manifest injustice or a miscarriage of justice we find that we have, without invoking the plain error rule, nevertheless, reviewed defendant's point and therefore deny the same.

The judgment is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.