STATE of Missouri, Plaintiff-Respondent,

v.

Arthur BROOMFIELD, Defendant-Appellant.

No. 35513.

Missouri Court of Appeals,
St. Louis District,
Division One.
June 4, 1974.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, St. Louis, for plaintiff-respondent.

KELLY, Judge.

The appellant (hereinafter the defendant) was convicted after a jury trial in the Circuit Court of the City of St. Louis, Missouri, of operating a motor vehicle without the consent of the owner, § 560.-175(1) RSMo 1969, V.A.M.S., and the trial court, after making a finding that the defendant had a prior conviction of a felony, to-wit: burglary in the second degree, sentenced him to five years in the custody of the Missouri Department of Corrections. This appeal followed.

Defendant does not question the sufficiency of the evidence to support his conviction of operating a motor vehicle without the consent of the owner and a short statement of the facts will therefore be sufficient.

On December 12, 1972, at about 10:00 p. m., Edward C. Waller, an employee of the Campbell and Company, drove a company-owned 1967 Cadillac Eldorado automobile to the company premises on north Twenty-fifth Street in the City of St. Louis where he enjoyed living accomodations on the premises. He brought the car to a stop with the engine running and commenced to alight therefrom to open the garage door preliminary to driving the car into the garage. He alighted from the car and was almost immediately set-upon by four Black men, one of whom hit him on the head with a black-jack, robbed him and fled from the scene; three afoot running northwardly on north Twenty-fifth Street and the fourth driving the Cadillac automobile, also northwardly along north Twenty-fifth Street. The incident was promptly reported to the police, and at about 1:45 a. m. on December 13, 1972, the defendant was observed by two policemen, Officers Klipfel and Moore, operating the 1972 Eldorado Cadillac automobile in the vicinity of the intersection of Leffingwell and Cole Streets in the City of St. Louis. Defendant pulled to the curb in the 1000 block of Leffingwell and after getting out of the driver's side of the car and walking around the front of the car he was arrested by Officer Moore. Mr. Waller testified that he did not know the defendant and never gave the defendant permission to drive the 1967 Cadillac Eldorado automobile.

On appeal the defendant presents two points, neither of which was preserved for review in this court because the record is devoid of any objections to the actions of the trial court now raised as grounds for reversal of the judgment nor were they preserved in defendant's motion for new trial which was filed out of time. Both

points contend that the trial court erred (1) in refusing to give Instruction A which purportedly set forth a theory of the case which was supported by the defendant's evidence and which the trial court was duty bound to give whether requested or not *or* which constituted a correct converse of the state's verdict director, and (2) in giving Instruction No. 2, an alibi instruction which "failed to clarify the burden of proof."

Defendant acknowledges that neither of these points is properly here before us, but would have us review them under the "plain error" Rule, Rule 27.20(c).

■ The "plain error" paragraph of Rule 27.20(c) is not available in matters relating to instructions unless the trial court has so misdirected or failed to instruct the jury on the law of the case so that the misdirection or failure to instruct causes a manifest injustice. State v. Wren, 498 S.W.2d 806, 810 [12] (Mo.App., 1973). In State v. Patterson, 443 S.W.2d 104, 107 (Mo. banc, 1969) the Supreme Court of this state said that failure to instruct on a defense supported by the evidence and which is a part of the law arising in the case under § 546.070 RSMo 1969, V.A.M.S., and Rule 26.02 V.A.M.R., is not *"of itself"* such as to result in "manifest injustice or miscarriage of justice" under Rule 27.20(c) and it would continue to review the facts and circumstances in each case and to determine this question on a case-to-case basis.

■ Defendant's first point is directed at the refusal of the trial court to give and read to the jury an instruction tendered by his counsel, Instruction A, which is as follows:

"The mere presence of a person at the time and place of the commission of an offense is not alone sufficient to render him liable for its commission. Unless you find and believe from the evidence beyond a reasonable doubt that an offense was committed as submitted in In-

struction No. _____, and that the defendant was present at or near the scene of the offense, and that he knew of the unlawful purpose of the persons who actually committed an offense, and that he then and there intentionally aided, abetted, assisted or encouraged such other persons, you must find the defendant not guilty."

Defendant testified that he was arrested at approximately 2:00 a. m. on the morning of December 13, 1972, after he had come out of the side door of the house of a friend, Lester Pierce, where he had been for two or three hours. As he came out of Pierce's house he observed 7 people and a Cadillac Eldorado automobile. Two girls were seated in the back seat of the Cadillac and three "guys" were standing outside the car and talking to the girls inside the car. He knew one of the girls so he went to the car to talk to some of the people there. Three or four minutes later another automobile with two white men in it pulled up behind the Cadillac and one of the white men got out of the car, approached defendant and placed him under arrest as he stood in the doorway to Pierce's home. He denied that he was in a 1967 Cadillac Eldorado at 2:00 a. m. on the morning of the 13th of December, 1972.

It is this evidence that defendant contends entitled him to the proffered instruction. He contends it constitutes his "theory of innocence." Culled to its fundamentals, defendant's evidence is a denial that he was operating the car at the time and place the state's evidence would support a finding that he was. While the tendered instruction attempted to put before the jury the legal principle that "mere presence" at the scene of a crime is not sufficient to support a conviction, it went further and introduced into the case an aider and abettor concept which was not there beforehand, and was not supported by any evidence. This proffered instruction was at best a cautionary instruction and if it was to be given it should have been offered in proper form. It was not, there-

fore, error for the trial court to refuse it even had the action of the trial court been preserved for review. State v. Garton, 371 S.W.2d 283, 289 (Mo.1963).

In State v. Banks, 491 S.W.2d 247, 248[2] (Mo.1973) the Supreme Court said: "A defense bottomed on evidence an accused had nothing whatever to do with the crime charged does not come within the connotation of the 'theory of innocence' principle . . ." Defendant's denial of the commission of the crime did not entitle him to a "theory of innocence" instruction as a special defense to the charge.

Nor may the proffered instruction be viewed as a valid converse submission. It fails to negate a single element of the state's submission. Had the defendant desired a converse instruction it was his responsibility to formulate and present one. State v. Engberg, 377 S.W.2d 282, 286[11] (Mo.1964). "By its very nature, a converse instruction is not a part of the law of the case on which the court must instruct whether requested or not. Hence, if a defendant wants a converse instruction given, he must formulate and offer a proper one. . ." State v. Engberg, supra, l. c. 286.

 Defendant's second point is that Instruction No. 2, an alibi instruction, was erroneous because it "failed to clarify the burden of proof." What he really contends is that the instruction shifted the burden of proof on the alibi issue. He cites MAI–CR 3.20, which was not in effect when this case was tried. It cannot be questioned that the burden of proving the presence of the defendant is on the state except in those cases where he aids and abets or conspires in the commission of an offense, and any instruction which shifts that burden to the defendant is prejudicially erroneous. State v. Rollins, 449 S.W.2d 585, 591[6] (Mo.1970). The instruction here under attack required the jury to return a verdict of not guilty if there was a reasonable doubt in their minds that the defendant was present when the crime charged was committed. Alibi instructions couched in similar language have been approved where it was claimed that they shifted the burden of proof to the defendant in the following cases, among others too numerous to mention: State v. Bradley, 361 Mo. 267, 234 S.W.2d 556, 562 (1950); State v. Rollins, supra, 449 S.W.2d l. c. 591[7]; State v. Tyler, 454 S.W.2d 564, 568[9] (Mo.1970); and State v. Wren, supra, 498 S.W.2d l. c. 810[12]. This instruction did not misdirect the jury.

In neither of the points presented did the trial court err and we fail to find any "manifest injustice" or "miscarriage of justice" in the record before us.

We have considered those portions of the record required by Rule 28.02 V.A.M. R. and find no error.

We affirm.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.