**STATE of Missouri, Respondent,**

v.

**Frederick J. RUTH, Appellant.**

**No. KCD 29198.**

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

 

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

This is an appeal from a jury verdict whereby defendant was found guilty of sodomy per anum and sentenced to two years imprisonment.

Although defendant took the witness stand in his own behalf and freely admitted that he physically committed the heinous act in question, he sought to escape culpability on the ground that he was coerced into doing so. The trial court gave an instruction (offered by the state)[1] submitting defendant's claimed defense of coercion, the form and substance of which has gone unchallenged by defendant on appeal. Broadly speaking, the instruction placed upon the state the burden of proving that the detestable act of sodomy per anum was committed by defendant of his own free will and volition and that he was not coerced into doing so by a third party. On appeal defendant restricts his right to relief to one point—insufficiency of the evidence to support the burden impressed upon the state to prove that defendant committed the act of sodomy freely and of his own volition rather than under duress or coercion.

A farrago of bizarre and sordid facts were presented to the jury. The victim was violated while undergoing initiation rites into a club known as "Claws of the Tiger". Donald Mays, a Vietnam veteran, was the founder and "grandmaster" of the club, and defendant, who bore the rank of "two star commander" was second in command. Defendant first became acquainted with Mays in April of 1975. In June of 1975, the two rented an apartment and started living together. The event in question occurred on August 17, 1975, in the apartment which they shared. Over a period of time defendant paid $98.50 to Mays as "club dues". Defendant's duty, in the hierarchy of command, was "to keep the other ones in line", "oversee all training", and "appraise performances." Defendant attributed his rise in "rank" to the fact that Mays liked him and the reason "he [Mays] liked me is because I never went against him, I went ahead and did what he asked." Defendant subtly implied throughout the course of his testimony that Mays kept him and the other club members in line by fear of personal physical harm or some other form of violent retaliation. On August 17, 1975, in the bedroom of the apartment shared by Mays and defendant, the victim was subjected to numerous sexual atrocities at the hands of Mays as part of her initiation into the "Claws of the Tiger". Defendant was then called into the bedroom and the ritual was apparently concluded by the insertion of defendant's penis into the victim's rectum. Defendant testified that he perpetrated the abominable act upon the victim because

1. "MAI–CR 2.28 modified."

Mays threatened to kill him if he did not do so. However, there is nothing in the record to indicate that Mays was armed or otherwise physically equipped at the time to immediately carry out his alleged threat, or that he had in the past heaped violence upon defendant or any other disobedient club member. The threat testified to by defendant was apparently made out of the hearing of the victim. Defendant thereafter continued to be active in the club until January of the following year.

■ In determining the sufficiency of the evidence to sustain a verdict in a criminal case, certain well-hewed principles delineating the function and scope of appellate review come to the forefront. It is not the function of an appellate court on review to determine whether a charge has been proven beyond a reasonable doubt, *State v. Achter,* 514 S.W.2d 825, 826 (Mo.App.1974), or to weigh the evidence or determine the credibility of witnesses, *State v. Talbert,* 454 S.W.2d 1, 4 (Mo.1970) and *State v. Wren,* 498 S.W.2d 806, 808 (Mo.App.1973), as such are peculiarly within the exclusive province of the jury. As a matter of general principle, the scope of appellate review in face of a challenge to the sufficiency of the evidence extends only to a determination of whether substantial evidence exists which, if believed by the jury, would sustain a verdict of guilty. *State v. Amerson,* 518 S.W.2d 29, 31 (Mo.1975); and *State v. Wren,* supra. In making this determination an appellate court views the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the state, i. e., in the light most favorable to the verdict, and all contrary evidence is to be disregarded and all inferences unfavorable to the state are to be rejected. *State v. Reed,* 453 S.W.2d 946, 949 (Mo.1970); and *State v. Chase,* 444 S.W.2d 398, 401 (Mo. banc 1969).

■ Coercion was initially recognized in this state as a viable defense in *State v. St. Clair,* 262 S.W.2d 25 (Mo.1953). In giving recognition to coercion as a defense, the court in *St. Clair* was obviously concerned that the defense might be abused and become little more than a mockery or farce unless tightly circumscribed. In order to obviate misuse or misapplication of the defense, the court in *St. Clair,* with great clarity of articulation, 262 S.W.2d at 27–28, held as follows: "From these cases and others cited below it is established by the great weight of authority that although coercion does not excuse taking the life of an innocent person, yet it does excuse in all lesser crimes. *Nall v. Commonwealth,* 208 Ky. 700, 271 S.W. 1059; 15 Am.Jur., Criminal Law, § 318, p. 16. But, to constitute a defense to a criminal charge, *the coercion must be present, imminent, and impending and of such a nature as to induce a well grounded apprehension of death or serious bodily injury if the act is not done. Threat of future injury is not enough. Nor can one who has a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily injury invoke the doctrine as an excuse. R. I. Recreation Center v. Aetna Casualty & Surety Co.,* 1 Cir., 177 F.2d 603, 12 A.L.R.2d 230, 233; *People v. Merhige,* 212 Mich. 601, 180 N.W. 418; *State v. Clay,* 220 Iowa 1191, 264 N.W. 77; 22 C.J.S., Criminal Law, § 44, page 99, and cases cited in footnotes." (Emphasis added.)

■ The legal parameters contained in *State v. St. Clair,* supra, when superimposed on the evidence and reasonable inferences most favorable to the state in the instant case, compel the inevitable conclusion that substantial evidence existed from which the jury could, and obviously did, find beyond a reasonable doubt that defendant was not coerced into performing the admitted act of sodomy per anum upon the victim, but did so freely and of his own volition. Defendant's intimate association with Mays, coupled with his pervasive and continuous involvement and leadership status in the affairs of the "Claws of the Tiger", permitted the jury to reasonably infer that defendant lacked any desire to escape the "Rasputin-like" clutches attributed to Mays, thereby discounting any present contention that he lacked an opportunity to avoid inflicting the detestable act upon the victim without un-

duly exposing himself to death or serious bodily harm. Moreover, a total absence of hard evidence that Mays was armed or otherwise physically equipped at the time to cause defendant's death or to heap serious violence upon him, anent the existing evidence in the case viewed in the light most favorable to the state, vitiates defendant's claim that any threatened coercion purportedly exercised by Mays was "present, imminent, and impending and of such a nature as to induce a well grounded apprehension of death or serious bodily injury if the act [was] not done."

Having concluded that substantial evidence existed from which the jury could find beyond a reasonable doubt that defendant debased the victim of his own free will and volition rather than being coerced into doing so by Mays within the legal contemplation of State v. St. Clair, supra, the judgment below is affirmed.

Judgment affirmed.

All concur.