**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Russell Allen LONG,
Defendant-Appellant.**

**No. KCD30025.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Carlos D. Edwards, Carrollton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This is a direct appeal from a conviction on a three-count information. Defendant was convicted of burglary and stealing, theft of a motor vehicle, and tampering with a different motor vehicle. The jury found defendant guilty on all three counts. Proof of the applicability of § 556.280 RSMo 1969 having been made, the trial court sentenced the defendant to 10 years for burglary, 5 years for stealing, 5 years for theft of the motor vehicle, and 5 years for tampering with the second motor vehicle, all of the sentences to be served consecutively.

Defendant claims error as follows: First, that the evidence was insufficient and could not support the verdicts and additionally, that a motion for judgment of acquittal at the close of the State's evidence should have been sustained. Second, defendant claims the proof of the applicability of § 556.280 RSMo 1969 was insufficient, and error occurred in its presentation before the trial commenced. Third, the defendant asserts error in the use of an unendorsed witness to prove the identity of the defendant in the second offender hearing.

Because the sufficiency of the evidence is questioned, the evidence will be stated to the extent necessary to determine whether substantial evidence exists which, if believed by the jury, would sustain a verdict of guilty. *State v. Ruth,* 567 S.W.2d 716, 718 (Mo.App.1978). The substantive evidence concerning the offenses was from testimony of an accomplice, one McComas. McComas and a person named Hodge were drinking with the defendant at a tavern in Marshall, and they discussed a burglary. Hodge suggested a drug store, and the men left separately, bent, ostensibly, on that burglary. The three finally ended up in the McComas vehicle. While enroute to the burglary site selected initially, the vehicle overheated. Hodge suggested the burglary of the nearby Bacon Sales. When the trio arrived at Bacon Sales, they attempted to hot-wire a truck in the outside parking lot. When this failed, they broke out a window to see if the premises contained a burglar alarm, and when no alarm sounded, the defendant pried open a door with a 4-foot metal bar. All three entered the building. Hodge hot-wired a pickup truck parked inside. While this activity was in progress, Hodge told the defendant to keep watch, and the defendant did so. As the defendant watched, Hodge and McComas loaded three cartons containing lawn mowers into the truck and stole some tools from a work room. An overhead garage door was opened, and Hodge drove the truck out of the building. Hodge and the defendant then posted McComas as a lookout; they went around the building and broke a window which caused an alarm to go off in the main building. The defendant got in McComas' car, and Hodge drove the stolen pickup. McComas' car experienced some mechanical difficulty, so McComas and the defendant hitchhiked to a truck stop.

McComas, on cross-examination, acknowledged that he had been charged in connection with the events he was testifying to and that the prosecutor had promised to

recommend a sentence of two years in the county jail in exchange for his agreement to testify at the defendant's trial. The defendant offered alibi testimony.

Adverting now to the first issue, the sufficiency of the evidence, the defendant's contention that McComas' testimony did not constitute substantial evidence of defendant's guilt is without merit. "A conviction may be had on the uncorroborated evidence of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence." *State v. Powell,* 433 S.W.2d 33, 34 (Mo.1968). McComas' testimony was not inherently suspect nor incredible. It was not seriously impeached and was such that, if believed, would constitute substantial evidence of guilt. The trial court did not err in refusing the defendant's motion for judgment of acquittal at the close of all the evidence, and the verdict of the jury is supported beyond question with respect to the sufficiency of the evidence.

Defendant's second claim is that the evidence concerning the applicability of § 556.280 RSMo 1969 was insufficient. The State offered a certified transcript of the serial record of the Missouri Department of Corrections concerning Russell Allen Long. The serial record showed a conviction by the Circuit Court of Saline County on a plea of guilty to forgery on May 10, 1971 and a sentence of two years. The transcript further shows that Russell Allen Long was received at the state penitentiary on May 11, 1971 and was discharged on a commutation on August 17, 1972. The defendant makes the frivolous argument that because there was no showing as to the nature of the commutation, the proof of a prior offense fails. The assertion in the brief is almost incomprehensible. Defendant claims that the evidence was received to show a prior conviction "for reason that there is no indication as to the nature of the commutation and as to whether or not the sentence was commuted to a sentence which would not be punishable by confinement in the state penitentiary." That proof clearly showed that the defendant had been convicted of and sentenced for an offense pun-

ishable by imprisonment in the penitentiary and that he was subsequently imprisoned. *State v. Wilson,* 544 S.W.2d 859, 863 (Mo. App.1976). The fact of commutation of the sentence does not affect the proof of his imprisonment from May 11, 1971, to August 17, 1972 upon a felony charge. Defendant also contends that the trial court erred in hearing the evidence of the prior conviction preceding the trial of the issues in the instant offense before the jury. Defendant cites no authority in support of this argument. Defendant claims only that this demonstrated prejudice on the part of the trial judge because he found the defendant was a "second offender" before the evidence was heard on the instant conviction. It is worth noting that the trial court in its finding put "second offender" in quotation marks, indicating he was making a conditional determination. The language of the trial judge is awkward, but it demonstrates no prejudice on its face. A review of the record reveals that the trial court conducted the trial with complete impartiality, and no error appears. The motion for new trial does not raise the issue, and there is certainly no showing that this procedure resulted in manifest injustice or miscarriage of justice justifying the application of Rule 27.20(c).

Finally, defendant challenges the late witness endorsement of the deputy sheriff who testified that he had been present at the time of the defendant's guilty plea in the Circuit Court of Saline County, and who identified Russell Allen Long as the same defendant as in the Saline County case. Again, the defendant cites no authority for his contention. He does not identify any prejudice arising from the trial court's permission to endorse, and he asked for no relief, such as a continuance, at the trial court level. The trial judge properly exercised his discretion in permitting the late endorsement of the witness. *State v. Strawther,* 476 S.W.2d 576, 579 (Mo.1972); *State v. Cobb,* 444 S.W.2d 408, 415 (Mo. banc 1969). There being no error, the judgment and conviction is affirmed.

All concur.