STATE of Missouri, Respondent,

v.

Anthony IRVIN, Appellant.

No. 40881.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Charles E. Kirksey, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mary P. C. Pincus, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Anthony Irvin guilty of robbery and armed criminal action. The court sentenced defendant, as a prior felon, to consecutive terms of twenty and five years.

Defendant has appealed, challenging the court's admission of his photographs, refusal to voir dire jurors concerning communication with a spectator, and a double jeopardy challenge to the armed criminal action statute.

Defendant does not challenge the sufficiency of the evidence. In sum, it was that two armed men—one identified from his photographs as the defendant—entered the victims' filling station, forced them to lie on the floor and robbed them.

The victims could not identify defendant at trial, held eighteen months after the robbery. But, shortly after the robbery the victims did identify defendant from a group of police photographs and did so again at a photographed, five-man line-up. Both these photographs were taken *after* defendant was arrested.

Defense was alibi, rebutted by the state and obviously rejected by the jury.

Defendant primarily challenges the evidentiary admission of his photographs, taken by police, on the ground they branded him as a prior convict. By failing to raise this point by after-trial motion defendant has failed to preserve the point. But on our motion we have reviewed the point.

Both victims declined to make court-room identification of defendant, explaining they had not seen him for a year and a half after the robbery and at trial he no longer wore a beard as he had at the robbery. The state bridged this gap by photographs, identified by police as one taken of defendant when arrested and the other taken at the line-up the victims had observed. The victims testified each photograph showed the man who had robbed them. The photographs were taken after defendant's arrest and were shorn of identifying marks before being shown to the jury. We hold the photographs were admissable as relevant to defendant's identity. Compare *State v. Tyler*, 454 S.W.2d 564[7] (Mo.1970) and *State v. Poor*, 533 S.W.2d 245[9] (Mo.App.1976).

We deny defendant's sub-point that the photographs impermissibly depicted him as a prior criminal. They did not, but in any event defendant conceded this by admitting his prior felony conviction. We find no error here.

As said, defendant contends the trial court should have granted a mistrial for failure to question jurors about an incident that occurred as the jurors were leaving the courtroom. One juror told another that a spectator had then asked which juror was the foreman. Counsel learned of this incident and informed the court; it declined defense counsel's request to interrogate the jurors.

The bystander's innocuous question to the juror gave no indication of jury tampering or misconduct. Granting a mistrial is discretionary and to be granted only in extraordinary cases where prejudice is clear. As said in *State v. O'Neal*, 436 S.W.2d 241[9] (Mo.1968): "The mere possibility that something prejudicial could have happened, of which there is no proof, is insufficient to require a new trial." We find no abuse of discretion in the trial court's ruling.

We deny defendant's final point that convicting him of both robbery and armed criminal action constituted double jeopardy. The point was denied in *State v. Treadway*, 558 S.W.2d 646[8–16] (Mo. banc 1977), followed in *State v. Valentine*, 584 S.W.2d 92[1–8] (Mo. banc 1979).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.