STATE of Missouri, Respondent,

v.

Chriss SIGH, Jr., Appellant.

No. 55553.

Supreme Court of Missouri,
En Banc.

June 14, 1971.

Rehearing Denied Sept. 13, 1971.

John C. Danforth, Atty. Gen., Craig A. Van Matre, Asst. Atty. Gen., Jefferson City, for respondent.

Elliott P. Koenig, St. Louis, for appellant.

DONNELLY, Presiding Judge.

Appellant, Chriss Sigh, Jr., was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of robbery in the first degree by means of a dangerous and deadly weapon. Punishment was assessed at imprisonment for a term of twelve years.

On September 29, 1969, at approximately 2:30 A.M., two men, one armed with a rifle, entered the apartment of Dwight and Dorothy Burns in the City of St. Louis, and robbed them of jewelry and money. Dwight Burns was knocked down and beaten when he resisted.

The two men then forced Dorothy Burns downstairs to the Burns' tavern and took a pistol and liquor. Shortly after the robbery, Dorothy Burns paid a neighborhood boy $10 to "spread the word" that she would pay $100 as a reward for information concerning the robbery. Two boys came to her with information pertaining to

the whereabouts of her stolen diamond rings. She paid them $50 and told them they would get the other $50 after she recovered her rings. After Dorothy Burns located her rings, she gave the boys the remaining $50. During the course of her conversations with the two boys, Chriss Sigh was mentioned as one of the persons involved in the robbery.

Thereafter, on October 10, 1969, Dorothy Burns was taken to a lineup to view appellant and several other men. Each man was asked at the lineup to give his name and address and Dorothy Burns identified appellant as one of the robbers. An attorney, Mr. Hubel, was furnished appellant and was present at the lineup.

A pre-trial hearing as to the identification of appellant at the lineup was held and the trial court found that "the question of the identification of the defendant in the lineup if offered in evidence is competent evidence for the consideration of the jury in this cause."

Dorothy Burns identified appellant at the trial as one of the assailants.

Appellant contends on appeal that "the trial court erred in permitting the in-court identification of appellant based on a prior lineup identification because appellant's name had previously been given to the witness as the name of one of the robbers and appellant when appearing in the lineup was forced to disclose his name and address prior to his identification and the same constitutes a denial of due process of law," *and that* "the trial court erred in permitting the in-court identification of appellant based on a prior lineup identification because appellant's trial attorney was not present at said lineup, thereby depriving appellant of his right to adequately and intelligently cross-examine the witnesses with respect to such lineup identification."

Appellant cites the following cases: Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Palmer v. Peyton, 359 F.2d 199.

The *Wade* and *Gilbert* cases require "the exclusion of identification evidence which is tainted by exhibiting the accused to identifying witnesses before trial in the absence of his counsel" (*Stovall*, supra, 388 U.S. 293, 294, 87 S.Ct. 1967, 1968). *Wade* and *Gilbert* do not apply in this case because appellant had counsel at the lineup.

In *Stovall* (388 U.S. 293, 301–302, 87 S. Ct. 1967, 1972), the United States Supreme Court further held that the *Wade* and *Gilbert* rules should not be applied retroactively but then turned "to the question whether petitioner, although not entitled to the application of *Wade* and *Gilbert* to his case, is entitled to relief on his claim that in any event the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. This is a recognized ground of attack upon a conviction *independent of any right to counsel claim.*" (Emphasis ours.)

In *Foster,* in *Simmons,* and in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, the Supreme Court has determined due process claims on the basis of "the totality of the surrounding circumstances." In all of these cases, however, there was no counsel present in behalf of accused when the extra-judicial identification took place. *Here, counsel was present at the lineup.*

■ Did Mr. Justice Brennan, in *Stovall,* mean to imply that denial of due process of law is a recognized ground of attack upon a conviction in cases where counsel is present at the lineup? Must we consider "the totality of the surrounding circumstances" in cases where the accused has counsel present at the lineup? We do not know. We do not think so.

■ In Missouri, a judicial or extra-judicial identification by a person testifying at trial is admissible. State v. Buschman, 325 Mo. 553, 29 S.W.2d 688; State v. Pitchford, Mo.Sup., 324 S.W.2d 684; State v. Rima, Mo.Sup., 395 S.W.2d 102. The weight of such testimony is for the jury. State v. Andrews, Mo.Sup., 309 S.W.2d 626; State v. Blackmore, 327 Mo. 708, 38 S.W.2d 32. We are not alone in taking this position. In *Stovall* (388 U.S. 293, 299–300, 87 S.Ct. 1967, 1971), the Court noted that the "overwhelming majority of American courts have always treated * * * [this] evidence question not as one of admissibility but as one of credibility for the jury." See Annotation, 71 A.L.R.2d 449.

■ In Spencer v. Texas, 385 U.S. 554, 568, 569, 87 S.Ct. 648, 656, 17 L.Ed.2d 606, the United States Supreme Court expressed the view that it "would be a wholly unjustifiable encroachment by this Court upon the constitutional power of States to promulgate their own rules of evidence to try their own state-created crimes in their own state courts, so long as their rules are not prohibited by any provision of the United States Constitution * * *." We recognize and honor our obligation to follow the "supreme Law of the Land" as declared by the Supreme Court of the United States. Article VI, Constitution of the United States. However, we do not believe the United States Supreme Court has expressed itself as to what the "supreme Law of the Land" shall be in cases where the accused has counsel at a lineup.

■ In this case, appellant was given the right to confront and to meaningfully cross-examine Dorothy Burns at trial. In these circumstances, we hold that the testimony complained of was admissible. Its credibility was for the jury. The trial court did not err.

"If appellant believes he was deprived of effective assistance of counsel at trial, he may file a motion to vacate sentence under S.Ct.Rule 27.26, V.A.M.R." State v. Cluck, Mo.Sup., 451 S.W.2d 103, 107; State v. Blackwell, Mo.Sup., 459 S.W.2d 268.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DONNELLY, P. J., is adopted as the opinion of the Court.

HENLEY, C. J., and DONNELLY, MORGAN, and HOLMAN, JJ., concur.

FINCH, J., dissents in separate dissenting opinion filed.

SEILER and BARDGETT, JJ., dissent and concur in dissenting opinion of FINCH, J.

FINCH, Judge (dissenting).

I respectfully dissent from that portion of the principal opinion which concludes that Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199, does not require that we examine the totality of the circumstances to determine whether the confrontation conducted in this case was so suggestive and conducive to irreparable mistaken identification as to make the in-court identification of Dorothy Burns inadmissible as a matter of law.

Clearly, as the principal opinion holds, the Wade [1] and Gilbert [2] cases do not entitle defendant to relief herein because he had counsel at the lineup, which is what those cases require. Defendant makes the point that counsel available to him at the lineup was not the same attorney as the one who tried his case. Trial counsel was not appointed until some time subsequent to the lineup, and I find nothing in Wade or Gilbert which indicates that the attorney at the lineup must be the person who subsequently tries the case.

---

1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

2. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

In Stovall the Supreme Court held that Wade and Gilbert would not be given retrospective effect. Nevertheless, as the principal opinion recognizes, it went on to hold that, even so, defendant was entitled to a determination as to whether the confrontation in that case "was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." 388 U.S. 1. c. 302, 87 S.Ct. 1972. The principal opinion concludes that a defendant is entitled to such a determination only where (as in Stovall) the Wade and Gilbert cases do not apply. In other words, if the defendant had counsel at the lineup, the principal opinion concludes that the determination which was made in Stovall is not required.

I do not so interpret the applicable cases. In the first place, the majority opinion in Stovall, after recognizing the right of the defendant to a determination as to whether the confrontation was so suggestive as to amount to a denial of due process of law, thereby making the identification inadmissible as a matter of law, goes on to say, 388 U.S. 1. c. 302, 87 S.Ct. 1972: "This is a recognized ground of attack upon a conviction *independent of any right to counsel claim.*" (Emphasis supplied.) In other words, the court is saying, as I read this language, that this right is not dependent for its assertion on the absence of counsel. It is available independently of and regardless of the existence of any claim for relief based on the absence of counsel.

It is to be noted that Wade and Gilbert are dealing with a Sixth Amendment right to counsel. They hold that the confrontation is a critical stage at which the defendant is entitled to be represented by counsel. If, after the date of the Wade and Gilbert decisions, the defendant does not have counsel at such confrontation, the in-court identification by those observing the lineup is inadmissible unless the court determines from clear and convincing evidence that the in-court identification was based upon observations of the suspect other than the lineup identification. In Stovall the court

was not dealing with a Sixth Amendment right at all, but rather was dealing with the due process clause of the Fifth Amendment. That is recognized in the previously noted language from Stovall wherein the court, in speaking of this latter right, said: "This is a recognized ground of attack upon a conviction independent of any right to counsel claim." Where, in considering this ground of attack, the court concludes from the totality of the circumstances that the confrontation conducted was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law, then, as a matter of law, under the Stovall decision, the in-court identification by the persons observing the lineup is inadmissible unless the court finds, under the rule in Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, that the error was harmless. Foster v. California, 394 U.S. 440, 444, 89 S.Ct. 1127, 1129, 22 L.Ed.2d 402, 407.

I cannot conclude that the Wade, Gilbert and Stovall decisions present an either/or situation. In other words, I cannot conclude that the court meant that the defendant should have counsel at the lineup, and that if he did, the due process question considered in Stovall would not be available to that defendant. The court is dealing with two different constitutional provisions, each conferring separate rights, and, in my judgment, intended to indicate that where the questions are raised, a defendant is entitled to a determination as to whether either of those constitutional rights have been violated.

The principal opinion points out that the rule in Missouri, as in most states, has been that this question regarding identification evidence has been one of credibility for the jury rather than admissibility. I agree that this has been the situation, and this, of course, is the treatment contended for by Mr. Justice Black in his dissent in Stovall. Even though I may be inclined to agree with our earlier decisions and with the dissent of Mr. Justice Black on this

question, I am compelled to follow the opinions in Stovall and Foster wherein the majority of the Supreme Court adopt and apply the totality of circumstances test for determining admissibility of evidence on identification under the due process clause.

Consequently, I would hold that we must decide whether, under the totality of circumstances, the confrontation in this case was so bad as to make the in-court identification of Dorothy Burns inadmissible as a matter of law. By stating that we are compelled to decide this question, I do not mean to infer that I would hold that, under the facts in this case, the in-court identification of Dorothy Burns is inadmissible. I express no opinion whatsoever on that question. It has not been considered or decided by the principal opinion. Consequently, I do not reach it for consideration. I am saying only that, in my judgment, Mr. Justice Brennan in the court's opinion in Stovall did mean that we must decide the question as to whether, under the totality of the circumstances, the defendant was denied due process by a suggestive and improper lineup, even though the accused had counsel present at the lineup.