**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Excell CARTER, Defendant-Appellant.**

**No. 38152.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 4, 1977.

Robert C. Babione, Public Defender, Robert G. O'Blennis, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Gregory D. Hoffmann, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

The defendant appeals from a conviction of forcible rape and robbery in the first degree. Defendant was sentenced by the court under the Second Offender Act to thirty years imprisonment on each count, the terms to run concurrently.

Because defendant does not challenge the sufficiency of the evidence, we will discuss only those facts relevant to the specific errors alleged. On February 28, 1975, two men forced their way into the apartment of the prosecutrix. Threatening her with a knife, the men raped her, and stole her watch and money belonging to her brother with whom she shared an apartment.

Defendant's first point is that the court erred in denying a motion for mistrial when

the defendant was handcuffed by the sheriff in front of the jury during a disturbance in the courtroom. Defendant asserts that such action clearly prejudiced the jury by showing that the court believed that the defendant had a propensity for violent behavior.

While the prosecutrix was testifying, there apparently was a disturbance in the spectator section of the courtroom. The record reveals the following exchange between the trial judge and defense counsel outside the hearing of the jury:

"MR. O'BLENNIS: Your Honor, I would like to object to the sheriff having placed handcuffs on Excell Carter. I don't think it was necessary; it wasn't any display.

THE COURT: There was a disturbance in the rear of the courtroom, Counsel, that you were not aware of, and it was a necessity the second sheriff assist the first sheriff.

MR. O'BLENNIS: Was it necessary?

THE COURT: It was necessary at that time, under those circumstances, it was necessary that the second sheriff go assist the first sheriff.

MR. O'BLENNIS: Your Honor, I would like to ask for a mistrial at this time.

THE COURT: That will be denied."

This dialogue constitutes the entire record of the incident. Defendant's counsel did not request that the court admonish the jury to disregard the handcuffing.

■ A defendant has a right to appear before the jury free of shackles. *State v. Kirksey*, 528 S.W.2d 536 (Mo.App.1975). However, being handcuffed in the presence of the jury is not per se prejudicial and does not always cause reversible error.

In *State v. Borman*, 529 S.W.2d 192, 194 (Mo.App.1975), the court said:

"The trial judge is vested with a considerable, but not unlimited, discretion in determining the propriety of permitting physical restraints after weighing the relevant factors, which include the presence or absence of disruptive conduct on the part of the defendant prior to or during the trial, the presence or absence of threats of such misconduct, the trial atmosphere, the likelihood of an attempt to escape, the age and physical attributes of the accused, the nature of the offense on trial, the size and mood of the audience and the adequacy of alternative remedies. It has rightly been said that the propriety of physical restraints depends upon the particular facts of each case."

The record provides few details about the handcuffing. Specifically, the record fails to show when the defendant was handcuffed, whether the jury could observe or was attracted to the handcuffing, how long defendant was handcuffed, or whether defendant was still handcuffed when the defense attorney was making his objection at the bench.

■ The defendant failed to make a record showing that the court's ruling was unreasonable or that defendant was prejudiced. His claim of prejudice does not prove itself and is only an "unsupported assumption."[1] *State v. Kirksey, supra; State v. Kirk*, 510 S.W.2d 196, 201 (Mo.App. 1974); *State v. Boone*, 355 Mo. 550, 196 S.W.2d 794, 796, 797 (1946), *cert. den.* 334 U.S. 823, 68 S.Ct. 1078, 92 L.Ed. 1752. The record merely shows that there was a disturbance in the courtroom and that defendant was handcuffed. It appears there were only two officers in the courtroom, their assistance in controlling the commotion was required, and there was no other available officer to guard the defendant during the disorder. The trial judge was aware of the indictment which alleged that the defendant was a second offender and had served in the penitentiary. He knew the defendant was presently being tried for the of-

---

1. The better practice is for the court to hold an evidentiary hearing to determine whether physical restraint is necessary. *Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973). In cases where an emergency occurs in the presence of the court, such as appears to have happened in this case, and which in its judgment requires an immediate decision to shackle the defendant, a prior hearing cannot be held. In that event the defense counsel should request the court to make a complete record.

fenses of forcible rape and robbery in the first degree.

In his brief defendant also contends that the trial court erred in failing to give a "cautionary" instruction. Defendant, however, neglected to request such an instruction. Failure to request an instruction bars review unless failure to instruct was plain error. *Cummings v. United States*, 398 F.2d 377 (8th Cir. 1968); *State v. Jenkins*, 494 S.W.2d 14 (Mo.1973); *State v. Walker*, 484 S.W.2d 284 (Mo.1972). We find no plain error here.

Defendant's second point on appeal is that the court erred in failing to strike the jury panel after the prosecutor used the term "alibi witness" in his voir dire of the panel. Defendant argues that the use of the word "alibi" disparaged the defendant's alibi defense and biased the jury by casting doubt on the credibility of defendant's eventual witness.

During his voir dire examination of the jury panel, the prosecutor made the following statement:

"Does everybody understand this case—I can't tell you anything about the case except that it is probably going to be two conflicting opinions, two conflicting testimonies. In other words, there's going to be testimony that the defendant committed the crime; and there will probably be an alibi witness—."

In response to a question from the court, defense counsel stated his intention to request an alibi instruction. The trial court then denied the request to strike the jury panel and instructed the jury to disregard the prosecutor's statement. Defendant later put on an alibi witness and requested an alibi instruction.

The defendant makes no express showing of prejudice but relies on the contention that the prosecutor's statement was prejudicial per se.

This contention is wholly without merit. To be sure, an instruction or comment by the prosecutor which tends to disparage an alibi witness is erroneous. *State v. Smith*, 358 Mo. 1, 212 S.W.2d 787, 789

(1948). Such is not the case here. The word "alibi" is not shackled with the oppressively negative connotation placed on it by defendant. Although the term "alibi" does not appear in either of the two MAI instructions concerning the defense, use of the word in an instruction has been found to be neither prejudicial to defendant nor disparaging to his defense. *State v. Coleman*, 441 S.W.2d 46, 52 (Mo.1969); *State v. Martin*, 515 S.W.2d 802, 805 (Mo.App.1974). Clearly, if the use of the word in an instruction is not per se prejudicial, then neither is its non-disparaging use by the prosecutor. The trial court has broad discretion in the control of the voir dire examination of the jury and the appellate court will interfere only when the record shows a manifest abuse of that discretion. *State v. Mudgett*, 531 S.W.2d 275, 279 (Mo. banc 1975). We find no such abuse.

Furthermore, the trial judge sustained the defendant's objection and instructed the jury to disregard the prosecutor's statement. Under such circumstances, any potential prejudicial effect of the statement was cured. The trial judge has broad discretion in the choice of a remedy for misconduct by the prosecutor. *State v. Isreal*, 537 S.W.2d 565 (Mo.App.1976). We find no abuse of discretion in the trial court's refusal to strike the jury panel.

Defendant's final point is that the court erred in allowing the identifying witness and police officers to give the improper bolstering evidence regarding the identification of the defendant as the perpetrator of the alleged act. Defendant contends that the identifying witness was improperly permitted to testify as to her identification of the defendant in a lineup and as to the details of that lineup, and that police officers were improperly permitted to bolster the credibility of the identifying witness by testifying as to her identification and the details of the lineup.

A lineup was conducted by Officers Robert Dodson and William Miller of the St. Louis Police Department. Defendant was one of four persons in the lineup as viewed

by the prosecutrix. Prior to trial, defendant filed a motion to suppress any identification testimony by the state's witnesses, asserting that the lineup had been unnecessarily suggestive and conducive to irreparable mistaken identification. After a hearing, the motion was denied.

 As to the prosecutrix's testimony about the lineup, the only objection made by defense counsel was a renewal of the grounds made in his motion to suppress: that the lineup was unnecessarily suggestive. On appeal, defendant asserts that her testimony about the lineup identification was hearsay and served only to improperly bolster her in-court identification. Since the point raised upon appeal is not based upon the theory of the objection as made at the trial, the issue is not preserved. *State v. Jones*, 515 S.W.2d 504, 511 (Mo.1974); *State v. Davis*, 482 S.W.2d 486 (Mo.1972). Furthermore, the law clearly allows an identifying witness to testify as to her extrajudicial identification of the defendant. *State v. DeGraffenreid*, 477 S.W.2d 57, 62 (Mo. banc 1972); *State v. Rima*, 395 S.W.2d 102, 105 (Mo. banc 1965). Nor was it error to permit testimony of the prosecutrix about certain details of the lineup. The weight of testimony concerning extrajudicial identification is for the jury. *State v. Sigh*, 470 S.W.2d 503, 505 (Mo. banc 1971). The circumstances of the lineup would serve to aid the jury in assessing the weight to be given to the identification.

 The objection to Officer Dodson's testimony was not timely raised because it was made after the testimony was given. *State v. Phillips*, 480 S.W.2d 836, 837 (Mo.1972); *State v. Peterson*, 546 S.W.2d 175, 179 (Mo.App.1976). A timely objection was made, however, to the testimony of Officer Miller and was properly preserved. While the testimony of third persons corroborating the fact that an identifying witness did identify the defendant is inadmissible, *State v. DeGraffenreid, supra*, 477 S.W.2d at 62, citing *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945), the police officers here at no time testified that the prosecutrix identified the defendant at the lineup. Their testimony dealt only with the lineup procedure, testimony which goes to the propriety of the lineup and the lack of suggestive influences. As noted above, the weight of the testimony as to a witness's extrajudicial identification of the defendant is for the jury. *State v. Sigh, supra*. The testimony of these officers was admissible to provide the jury information with which to assess the weight to be given to extrajudicial identification testimony. There was no error in the admission of Officer Miller's testimony.

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.