**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael James KUHRTS,
Defendant-Appellant.**

No. 39088.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 15, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Robert W. Meyers, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Jeff Schaeperkoetter, Carson W. Elliff, Asst. Atty's. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., David B. Tobben, Asst. Pros. Atty., Union, for plaintiff-respondent.

SNYDER, Judge.

Defendant Michael James Kuhrts was convicted by a jury of the sale of a controlled substance (§ 195.020, RSMo Supp. 1975 [1]) and sentenced to five years' imprisonment. He appeals.

As grounds for reversal, appellant contends that the trial court erred in: (1) refusing to suppress the testimony of a state trooper and evidence concerning lysergic acid diethylamide (LSD) "seized" from appellant; (2) ordering appellant to comply with certain disclosure requests; (3) admitting into evidence a bag of white powder received from appellant; (4) submitting verdict directing Instruction No. 5 to the jury; (5) denying appellant's motions for a directed verdict; and (6) permitting a state trooper to state that he feared for the safety of an informant.

A Missouri State Highway Patrol trooper was working undercover on March 4, 1975 in Gasconade and Franklin Counties. He arrived in Union about 8:45 p. m., picked up his "confidential informant" and two other men and drove to a local fast food drive-in where they met the appellant. One of the occupants of the car started talking with appellant about drugs and appellant got into the car. The appellant brought up the topic of mescaline, and said "Patty" had some for sale at $45 an ounce. Appellant said he could get some for the trooper and directed him to drive to Patty's. When they arrived, appellant and another of the car's occupants (not the trooper) went into an apartment building. The trooper had given appellant $45 to make a purchase for him. When appellant and the other person returned to the car, appellant handed the trooper a bag of white powder which was subsequently determined to contain LSD. Appellant was arrested for the sale of LSD some eleven months after the incident. His trial and conviction followed. Other necessary facts will be related in the discussion of issues raised on appeal.

Appellant first claims error in the refusal of the trial court to suppress the testimony of the state trooper and the evidence of the bag of white powder (state's Exhibit No. 1). The point has not been preserved for review either as to the suppression of evidence of state's Exhibit No. 1 or the testimony of the trooper.

■ Appellant's motion to suppress does not mention the state trooper. It refers only to an arrest by Franklin County officers and an allegedly illegal seizure at the time of the arrest. However, at the hearing on the motion before trial and again immediately before trial, appellant argued orally that the state trooper's testimony as well as the "items of evidence seized" (presumably the bag of white powder) should be suppressed. As grounds for suppression appellant asserted that the state trooper had no statutory authority to act as an undercover agent under the circumstances. Nowhere in the record is there a specific motion by appellant, either oral or written, to suppress the trooper's testimony, but for appeal purposes appellant's argument at the pretrial hearing will be considered as a motion to suppress the testimony of the trooper.

However, the objections made during the trial to the testimony of the trooper were that his statements were irrelevant, immaterial and self-serving declarations. The court overruled the objections. Appellant raised no objections at trial based on the trooper's alleged lack of authority to carry on investigative activities in Franklin County. Then, in his motion for a new trial, appellant returned to the claim that the trooper's testimony as to state's Exhibit No. 1 should have been suppressed because of his lack of statutory authority to act

■ A point raised on appeal which is not based on the theory of the objection made at trial is not preserved for review. *State v. Carter,* 557 S.W.2d 47 (Mo.App. 1977); *State v. Washington,* 320 S.W.2d 565 (Mo.1959). "In order to preserve for appellate review an objection to the admission of testimony the objection stating the grounds must be made at the time the evidence is

---

1. All statutory references are to RSMo Supp. 1975 unless otherwise noted.

sought to be introduced, and the same objection and grounds must be set forth in the motion for a new trial." *State v. Hernandez*, 325 S.W.2d 494, 496 (Mo.1959). Here the objections made at trial, irrelevancy, immateriality and self-serving declarations, were not the same as the reasons assigned for error in the motion for a new trial and the point as to the trooper's testimony is not preserved for review.

Appellant argues at length, as a basis for his objection to the introduction in evidence of state's Exhibit No. 1, that the Missouri State Highway Patrol has limited powers of search and seizure. His motion to suppress alleges his arrest by Franklin County officers on March 4, 1975. In fact, appellant was arrested some eleven months later. The motion further alleges that the Franklin County officers did not have a warrant, did not witness the appellant in violation of law and had no probable cause to arrest appellant. The motion then goes on to say that "certain articles" were taken from the appellant pursuant to an illegal and unconstitutional arrest, an allegation far afield from the facts.

■ Appellant's objection to state's Exhibit No. 1 at trial was as follows:

Judge, we would object for the reason that there has been, first of all, no foundation laid for it being admitted in evidence and, secondly, no quantitative analysis of this particular supplement—of this—of this State's Exhibit No. 1, for the reason that it has not been properly examined or is there any proper quantitative analysis of this object, State's Exhibit No. 1.

As grounds for his motion for a new trial, appellant asserts that the evidence of the bag of white powder should be suppressed because the state trooper did not have authority to carry on law enforcement activities in Franklin County under the circumstances. Thus, one reason for suppression of the evidence is given by appellant in his motion to suppress, a different reason is given for his objection at trial, and still a third reason is advanced in his motion for a new trial. This point also is not preserved

for review. *State v. Hernandez, supra; State v. Washington, supra; State v. Carter, supra.* Also see *State v. Brookshire,* 353 S.W.2d 681 (Mo.1962).

■ Even if appellant had properly raised this point on appeal, it would be ruled against him. There was no search and seizure of state's Exhibit No. 1. It was not taken from appellant at the time of his arrest, which occurred some eleven months after the bag came into possession of the trooper. The trooper purchased it from appellant and at that time acquired the right to possession and control of the substance. Such a purchase is not a search or seizure. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); *State v. Hughes,* 519 S.W.2d 18 (Mo.1975); *State v. Flynn,* 519 S.W.2d 10 (Mo.1975).

■ Appellant next urges that the trial court erred in overruling his motion for a continuance and in ordering him to respond to paragraphs two and five of the state's request for disclosure. The argument portion of his brief is directed only to the state's request for disclosure. The denial of the motion for a continuance is not mentioned, nor are any authorities cited to support the granting of a continuance. Therefore, only the matter of the request for disclosure will be considered.

The challenged paragraphs in the state's request for disclosure are framed in the language of Rule 25.34(A)(2) and (5). On October 29, 1976, appellant confessed the state's request for disclosure. On December 12, 1976, the morning of the trial, appellant attempted to withdraw his confession of the disclosure request. The court refused to allow him to withdraw his confession and overruled his objections to paragraphs two and five.

The two paragraphs objected to by appellant read as follows:

(2) The names and last known addresses of persons, other than Defendant, who Defendant intends to call as witnesses at any hearing or at trial, together with their written or recorded statements, and existing memoranda reporting or sum-

marizing part or all of their oral statements;

.    .    .    .    .

(5) Any intent of the Defendant to rely on the defense of alibi, and specific information as to the place at which the accused claims to have been at the time of the alleged offense, together with the names and addresses of the witnesses by whom he proposes to establish such alibi.

Appellant cites only *Wardius v. Oregon,* 412 U.S. 470, 472, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) in support of his objection. There the United States Supreme Court held that due process "forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner . . . ." *Wardius* is distinguishable. Missouri rules allow criminal defendants liberal reciprocal discovery rights. Oregon did not.

Further, appellant has not stated in his brief any specific way in which he would be prejudiced by the disclosure of the requested information. A defendant lacks standing to challenge the constitutionality of the rule requiring a defendant to disclose certain information to the state in the absence of a showing that he was prejudiced by the operation of the rule. *State v. Toliver,* 544 S.W.2d 565 (Mo. banc 1976). This point is ruled against appellant.

Appellant next contends that the trial court erred in admitting into evidence state's Exhibit No. 1 because there was no proof that LSD is a scheduled narcotic or that the particular sample taken from defendant was, in fact, LSD and came within the prohibition of the law forbidding the sale of scheduled narcotics.

Appellant advances two reasons to support his claim of error. First, he says that no evidence was presented to the court to prove that LSD is a controlled substance and that no request was made to the court to take judicial notice that the statute lists LSD as a controlled substance.

A trial court may take judicial notice of a state statute even though no request is made by one of the parties. 31 C.J.S. Evidence § 16; *Hutcherson v. Thompson,* 343 Mo. 884, 123 S.W.2d 142 (1938); *Moulder v. Webb,* 527 S.W.2d 417 (Mo.App.1975). Appellant cites no cases in support of his position and his argument on this issue is rejected.

Second, appellant attacks the chemical analysis of the white powder in state's Exhibit No. 1 because no quantitative test was performed and there was no testimony as to the exact amount of LSD in the substance.

The weight of the evidence is not a matter reviewable by an appellate court which determines only whether there was substantial evidence to support a verdict. *State v. Morgan,* 453 S.W.2d 932 (Mo.1970). Both parties cite *State v. Young,* 427 S.W.2d 510 (Mo.1968). But *Young* supports the state's position. The appellant in *Young* had been convicted of possession of a narcotic drug. The supreme court affirmed, denying appellant's contention that the trial court should have directed an acquittal on the ground that the amount of heroin found in his possession was "unsubstantial." The court cited a Wisconsin case, *State v. Dodd,* 28 Wis.2d 643, 137 N.W.2d 465 (1965), as representative of decisions interpreting Section 2 of the Uniform Narcotic Drug Act, after which former Section 195.020 had been modeled,[2] to prohibit possession of even "a modicum of an illegal drug." *Young, supra,* 512. The *Dodd* court had noted the possibility that in a given case "so small a quantity of a narcotic might be present as to . . . indicate only that there had been a prior possession of a narcotic but which could not be said reasonably to constitute the object of possession." However, it held that possession

---

2. In 1971, §§ 195.010 to 195.270, RSMo 1969 were repealed, and the present §§ 195.010 to 195.320 RSMo Supp.1975, modeled after the Uniform Controlled Substances Act, were sub-stituted. The present § 195.020 contains essentially the same language with which the *Young* court was concerned.

of a "discernible amount" of heroin, "sufficient to use in the performance of chemical tests to determine not only its presence but its nature" was sufficient to sustain a conviction. *Dodd, supra,* 137 N.W.2d 465, 469. The *Young* court worked the reasoning of the *Dodd* decision into an evidentiary context, finding that the appellant failed to establish "that the quantity of heroin . . . was so 'infinitesimal' as to be immeasurable . . . ." *Young, supra,* 512.

Section 195.017.2(4) which lists controlled substances reads in part: "*Any material,* compound, mixture or preparation which contains *any quantity* of the following . . (i) Lysergic acid diethylamide; . . ." (Emphasis added). The statute then prohibits possession of "any controlled or counterfeit substance." § 195.020.

Appellant asserts that there is substantial doubt as to the accuracy and reliability of the tests performed by the state chemist, but adduced no evidence to support his assertion. The qualifications of the Missouri State Highway Patrol's forensic chemist were not challenged. The chemist testified that he analyzed the powder from the bag which was state's Exhibit No. 1. He described the tests and analysis which were made and said the bag contained LSD. On cross-examination he admitted that the material in the bag was not one hundred percent LSD and that no quantitative analysis had been performed on the material. The bag was admitted into evidence over the objection of appellant.

The Missouri Supreme Court in *State v. Jefferson,* 391 S.W.2d 885, 890 (Mo. 1965) said, "We conclude that the possession of any amount, even a modicum, of amphetamine is within the prohibition of the statute. This can be the only reasonable interpretation in view of the evil which the general assembly seeks to abate." *Jefferson* is similar in that the chemist for the police department there testified that his analysis revealed the presence of amphetamine in water solution but that no quantitative analysis had been made. The court said it was not necessary to prove there was a quantity sufficient to have an exciting effect on the central nervous system of a human or animal. The same logic would apply here. The bag contained LSD. There is no opposing evidence to suggest only a trace of the drug or merely a "prior possession." The evidence instead was a bag containing a substantial amount of white powder. There was proof of the presence of LSD. Even a modicum of the drug in possession is sufficient for conviction. *Young, supra.* State's Exhibit No. 1 was properly received in evidence.

Appellant contends that it was error to submit verdict directing Instruction No. 5 [3] which he has coupled for purposes of argument with his claim that the evidence was insufficient to sustain a conviction.

Appellant's attack on the instruction alleges error because the instruction assumes: (1) that the substance in question was LSD; and (2) that defendant had sufficient knowledge of the drug and intent to sell it. If, in fact, the instruction assumed without evidentiary support that the substance in the bag was LSD, appellant's contention would be valid. However, there was no assumption. The instruction was supported by the testimony of the forensic chemist. There was sufficient evidence for the jury to find that the substance in the bag was in fact LSD.

There was also enough evidence to support a finding by the jury that defend-

3. Instruction No. 5 reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about March 4, 1975, in the County of Franklin, State of Missouri, the Defendant sold a drug known as Lysergic Acid Diethylamide, or LSD, and

Second, that Defendant was aware of the character of the drug and intentionally and knowingly sold it,

then you will find the Defendant guilty of the sale of a controlled substance.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the Defendant not guilty of that offense.

If you find the Defendant guilty of that offense, you will fix his punishment at a term in the custody of the Missouri Division of Corrections for not less than five years nor more than life imprisonment.

ant had the requisite knowledge and intent. The testimony of the trooper that he gave appellant the money and received in exchange from appellant the bag which contained LSD justified the submission of the portion of the instruction relating to appellant's knowledge and intent.

■■■■ Appellant's argument that it was error to submit the instruction because it ignored a defense supported by the evidence was not presented to the trial court in appellant's motion for a new trial. Points relating to instructions which are not presented to the trial court in a motion for a new trial are not preserved for appellate review unless the trial court fails to instruct the jury on the law so as to cause manifest injustice. *State v. Grebe*, 512 S.W.2d 409 (Mo.App.1974). There was no manifest injustice in the court's instructions here in view of the evidence of the sale of the LSD by appellant. The defense claimed by the appellant was simply his denial of the sale, a refutation of the testimony given by the state trooper. The instruction was supported by the evidence and properly informed the jury of the offense charged.

■■■■ There was no error in the overruling of appellant's motions for judgment of acquittal. The jury verdict was amply supported by the evidence of the sale and the identification of the substance sold as LSD. In determining the sufficiency of the evidence to sustain a conviction, the evidence must be viewed by the appellate court in the light most favorable to the state and the state is to be given the benefit of all reasonable inferences. *State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975); *State v. Riley*, 536 S.W.2d 501 (Mo.App. 1976). Unfavorable evidence is not considered. *State v. Poor*, 533 S.W.2d 245 (Mo. App.1976).

■■■ Appellant contends for the first time in his brief that venue was not established. Venue was challenged neither at trial nor in the motion for a new trial. Therefore, the point has not been preserved for review. *State v. Crawley*, 501 S.W.2d 31 (Mo.1973).

Appellant finally claims the court erred in not declaring a mistrial after a remark by the trooper that he was worried about the personal safety of an informant after the trooper had disclosed the informant's name in obedience to a court order.

There had been testimony before the jury and a discussion at the bench out of the hearing of the jury about whether or not the trooper who was on the witness stand should divulge the name of the informant. The court finally ordered the witness to give the name to the court and counsel. The record is not explicit but it appears that the court intended for the information to be given out of the hearing of the jury. Appellant objected to this and the court then instructed the trooper to give the name of the party. The following testimony was then given for the jury.

> THE WITNESS: Well, sir, the name of the subject—subject's name is Rick Pointer.
>
> THE COURT: You tell him I forced you to.
>
> THE WITNESS: Sir?
>
> THE COURT: You tell Rick I forced you to.
>
> THE WITNESS: Well, sir, I'm just worried about his personal safety is all.
>
> MR. SCHWARTZ: Oh, Judge, I'm going to object to this. That's highly improper.

Appellant's counsel did not request that a mistrial be declared or that the comment be stricken but continued questioning the witness about the address of the informant.

The name was disclosed at the insistence of appellant. The reference to personal safety by the witness was a voluntary statement in response to the remark made by the court. There was no attempt to connect appellant with the danger to the personal safety of the informant.

The cases cited by appellant to support his claim of error are distinguishable on the facts. The prosecutor included prejudicial remarks concerning threats to witnesses in his opening statement and later questioned a witness about threats without connecting them to the defendant in *State v. Hicks*, 535 S.W.2d 308 (Mo.App.1976). Repeated and persistent inflammatory remarks in a closing statement after objections were sus-

tained were made by the prosecutor in *State v. Tiedt,* 357 Mo. 115, 206 S.W.2d 524 (banc 1947). *Hicks* and *Tiedt* were remanded, but in *State v. Swindell,* 271 S.W.2d 533 (Mo.1954) a conviction for rape was affirmed in spite of the fact that the prosecutrix cried and became hysterical on the witness stand.

Appellant here was the one who insisted that the evidence be given to the jury. The witness' remark concerning personal safety was not elicited by the state but by the court. Although appellant objected, he requested no further relief. When such testimony is given, and there is no question but that the words should not have been spoken by the witness, it is up to appellant to ask for a mistrial. An appellate court cannot find error on the part of the trial court for failing to take an action which was not requested. *State v. Harms,* 507 S.W.2d 29 (Mo.App.1974). The trial court must be given the first opportunity to correct its own errors. *State v. Manns,* 533 S.W.2d 645 (Mo.App.1976).

The remark and the circumstances under which it was made were unfortunate. But, there was insufficient prejudicial effect to justify a finding that the trial court abused its discretion in not declaring a mistrial sua sponte.

Objectionable testimony which might have been prejudicial was given in *State v. Parker,* 476 S.W.2d 513 (Mo.1972). The court sustained a motion to strike but refused to declare a mistrial. The conviction for burglary and stealing in conjunction with burglary was affirmed, the supreme court saying, at pages 515 and 516:

> [T]he declaration of a mistrial is a drastic remedy and should be granted only in those circumstances when the incident is so grievous that the prejudicial effect can be removed no other way. (cites omitted). The remarks objected to were volunteered by the witnesses. Errors of this nature cannot always be avoided, but when they do occur it is the duty of the trial court, who has observed the incident and is in a better position than an appellate court to evaluate the prejudicial effect, if any, to determine the possibility

of its removal by action short of a mistrial. In this respect the trial court necessarily must be vested with broad discretion. In the exercise of that discretion, the trial court concluded that in this case a mistrial was not required. We do not know whether the trial court would have instructed the jury to disregard the testimony or have taken other remedial action if requested, but no such relief was requested, and we cannot assume that it would not. The function of an appellate court is to determine whether as a matter of law the trial court abused its discretion in refusing a mistrial. We rule that it did not.

The trial court did not abuse its discretion in failing to declare a mistrial.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.