STATE of Missouri, Respondent,

v.

Eric B. SIMMONS, Appellant.

No. 45817.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

William Shaw, Public Defender, William J. Aylward, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the first degree in violation of § 569.020, RSMo.1978, and kidnapping in violation of § 565.110, RSMo. 1978. The court sentenced defendant to a term of 25 years' imprisonment for the robbery and a consecutive 15-year term for the kidnapping. We affirm.

The state introduced evidence sufficient to show that the defendant robbed and kidnapped the victim at gunpoint. The defendant neither testified nor introduced evidence.

In his first point on appeal, defendant contends the trial court erred in overruling his objections and denying his motions for mistrial when the prosecutor, during closing argument, said that the state's case was uncontradicted and uncontroverted. Defendant contends these statements were impermissible references to the defendant's failure to testify.

■ We rule this point against defendant. Clearly, an accused's failure to testify should not be referred to by any attorney or considered by the court or the jury. § 546.270, RSMo.1978; Rule 27.05. However, the prosecuting attorney may argue "that the defendant did not offer any evidence or that the evidence is uncontradicted." *State v. Hamilton,* 612 S.W.2d 141, 145 (Mo.App.1980). Clearly, that is what the prosecutor in this case argued; he did not comment on defendant's failure to testify. The court did not err in overruling defendant's objections and denying his motions for mistrial.

In his second point on appeal, defendant contends the trial court erred in overruling the objections and denying the motions for mistrial defendant made when the prosecutor questioned the victim about the victim's identifying defendant at the preliminary hearing and again when the prosecutor referred to that identification during the state's closing argument. Defendant contends that the victim's testimony about his previous identification of defendant was inadmissible hearsay and, further, that the testimony and argument impermissibly suggested to the jury that there had been a prior judicial determination of defendant's guilt.

■ We rule this point, too, against defendant. We note that defendant did not raise his hearsay objection at trial, and thus, he has failed to properly preserve that objection. *State v. Carter,* 557 S.W.2d 47, 51 (Mo.App.1977). Furthermore, the law clearly allows an identifying witness to testify to his previous identification of the defendant. *Id.* Finally, defendant's contention that the state's reference to the preliminary hearing prejudiced defendant is frivolous. We do not believe that the mere mention of a preliminary hearing suggested to the jury that there had been a prior judicial determination of defendant's guilt. The court did not err in overruling defendant's objections and motions for mistrial.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.