Eric B. **SIMMONS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 51921.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Terry C. Allen, Deputy Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On October 13, 1987, movant's application to transfer to the Supreme Court of Missouri was sustained and ordered retransferred to this court for re-examination in light of *Robert Sanders v. State of*

*Missouri,* 738 S.W.2d 856 (Mo. banc, 1987). Upon such re-examination, we republish and reissue our July 14, 1987 opinion:

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant was convicted of robbery first degree, § 569.020, RSMo 1986, and kidnapping, § 565.110, RSMo 1986. The convictions were upheld on direct appeal. *State v. Simmons,* 654 S.W.2d 190 (Mo.App. 1983). Movant now seeks to vacate those convictions on the grounds of ineffective assistance of counsel, asserting failure to call his mother as an alibi witness, and failure to interview and call as a witness an eyewitness to the crime. On appeal movant also asserts the 27.26 court's findings of fact are erroneous.

■ The 27.26 trial court made findings of fact and conclusions of law and found trial counsel was effective and that movant failed to show any basis for vacating his sentence. Our review is limited to a determination of whether those findings and conclusions are clearly erroneous. Rule 27.26(j). To establish ineffective assistance of counsel movant must demonstrate a reasonable probability that but for the claimed error the outcome of his trial would have been different. *Stokes v. State,* 688 S.W. 2d 19, 23 [12] (Mo.App.1985).

■ As a general rule the decision of which witnesses to use at trial is a matter of trial strategy and will not result in a finding of ineffective assistance of counsel. *Black v. State,* 723 S.W.2d 474, 475[1] (Mo. App.1986). Movant argues, however, trial counsel failed even to contact his mother. Counsel and mother both testified to speaking with each other. Mother said nothing to counsel to suggest to him that she could provide an alibi for movant. Her testimony at the evidentiary hearing was movant was home with "Flora, Laverne, and my other boys" at the time of the crime. Movant testified at the evidentiary hearing, on the other hand, he was at home with his mother and possibly his sister-in-law. Movant failed to show how mother's testimony would have helped him. *Pelham v. State,* 713 S.W.2d 614, 617[2] (Mo.App.1986).

■ Movant's second assertion of error concerns counsel's failure to interview or call Anthony Miner, an acquaintance of movant from a prior incarceration in Moberly Training Center for Men. Included in the police report on the robbery and kidnapping was a statement purportedly signed by Miner indicating he was an eyewitness to the crimes and implicating movant in them. Counsel attempted to depose Miner and when unable to do so, moved to exclude his testimony. At the evidentiary hearing Miner testified he never implicated movant and the signatures on the statements in the police report were forgeries. He further testified he told police the crimes had been committed by a different acquaintance from his prior incarceration who happened to fit the same general description as movant.

Counsel testified he was never informed of Mr. Miner's possible testimony. Faced with the signed statements in the police report it was not ineffective assistance of counsel to not interview a potential defense witness after making a motion to insure the witness would not testify at trial.

Movant's last assertion of error pertains to the findings of fact made by the Rule 27.26 court. Specifically, movant challenges the court's findings that "[m]ovant's claim that [counsel] made no effort to contact Anthony Meiners [sic] is refuted by the trial transcript."

Counsel attempted to depose Miner. Thus, the first finding complained of is not clearly erroneous especially taken in context with the rest of the paragraph in which the court noted counsel "was indeed aware of Anthony Meiners [sic] role in the case. [He] moved in limine, to strike any testimony offered by Anthony Meiners [sic] on behalf of the state. [Counsel's] trial strategy was to prevent Meiners [sic] testimony because Meiners [sic] first fingered [movant] as the person responsible for the crime."

Movant also objects to the Rule 27.26 court's finding that "[r]emarkably, Meiners [sic] saw both men [movant and different acquaintance] at about the same time on the

day of the offense." At the evidentiary hearing Miner testified he saw the other man commit the crime at approximately 4:30 p.m. and then visited at movant's home at 6 p.m., that is at about the same time. The finding is not clearly erroneous.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.