STATE of Missouri, Respondent,

v.

Ira McCLAIN, Appellant.

No. 59661.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1992.

Application to Transfer Denied
March 24, 1992.

John A. Klosterman, Columbia, Carl D. Kinsky, Farmington, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Joseph P. Murray, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for assault on a law officer in the first degree. He was sentenced as a prior and persistent offender to life imprisonment. We affirm.

The submissibility of the evidence to support Defendant's conviction is not in dispute. Around 3:30 p.m. on December 16, 1989, two Missouri State Park Rangers observed a car with expired registration tags. They began to follow the car and it sped up. The rangers contacted the St. Francois County Sheriff's department for assistance. Trooper Ralph Sturdevant stationed himself at the bottom of a hill, with his car on the shoulder and himself in the driving lane. As Defendant's car came over the hill, traveling at approximately 100 miles per hour, Trooper Sturdevant began waving in an attempt to flag Defendant to the side of the road.

Defendant's car remained in the passing lane until it was within approximately five car lengths of the trooper. At that point, Defendant and the trooper looked directly at each other. Trooper Sturdevant and Defendant were acquainted because Sturdevant had previously arrested Defendant's wife for possession of stolen property. As Defendant looked at Trooper Sturdevant, he abruptly changed lanes, driving directly at the trooper. Sturdevant turned and dove over the hood of his patrol car to avoid being hit by Defendant's vehicle. Defendant's car passed within approximately one foot of the patrol car. Sturdevant got in his patrol car, joining in the chase after Defendant. He broadcast over the radio: "It's no longer a traffic pursuit; it's Ira McClain and the son-of-a-bitch tried to run over me."

Defendant led the pursuing law enforcement officers to the parking lot of the local Wal–Mart store. He was arrested approximately fifteen minutes later inside the Wal–Mart store. Troopers Crump and Sturdevant transported Defendant to the county jail and then to the local hospital because he complained of knee pains. After Defendant was treated at the hospital, they again placed him in the patrol car. As they pulled out of the parking lot, Defendant looked at Sturdevant and stated: "I'm going to kill you. You killed my wife. I'm going to kill you." Defendant indicated he believed Sturdevant had caused his wife's heart attack when he placed her in handcuffs. Defendant did not testify and presented no evidence in his defense.

■ Defendant first asserts the trial court erred in denying his objection to certain comments made by the prosecutor during closing argument. Defendant specifically objected to the prosecutor's statement that if the jury acquitted Defendant, Defendant would again try to kill Ralph Sturdevant, and this time succeed. Defendant submits that this argument improperly allowed the jury to take into consideration what Defendant might do in the future in determining his guilt or innocence.

■ The trial court has broad discretion in controlling closing argument. A conviction will be reversed only if it is established that the complained of comments had a decisive effect on the jury's determination. *State v. Henton,* 753 S.W.2d 19, 20 (Mo. App.1988). During closing argument, the prosecutor stated without objection:

Look at the other motive. We can't get into his mind, but what does he say to Mark Stamps? Well, actually Mark Stamps was just a witness, but what does he say to Ralph Sturdevant? 'I'm going to kill you.' 'I'm going to kill you.' He doesn't say, 'Gosh, I meant to harm you.' He said, 'I'm going to kill you. You killed my wife. You caused my wife's death.' And Mark Stamps says something about handcuffing her. And you heard him. You heard Ralph Sturdevant. Yes, he had assisted in an arrest of the Defendant's wife for possession of, gosh, stolen property. He couldn't afford to be caught. He couldn't afford to be caught, so he's driving along at these break-neck speeds, just driving like crazy, and he comes along to an officer, Highway Patrolman, waving his arms, and look who it is; the guy he's going to blame his wife's death on. What do you think? Do you think that it was an accident?

Defense counsel responded with a contrary explanation in the defense's closing argument:

Think about that statement. The statement is in effect, 'I'm going to kill you.' It's not a statement, 'Man, I wish I had gotten you.' It's not a statement, 'Next time you better watch out.' It's a state-

ment about the future. It's not a statement about what had happened in the past. Why not, ladies and gentlemen? If Ira McClain in fact had intended to kill Trooper Sturdevant, if you believe that beyond a reasonable doubt, ladies and gentlemen, why would Mr. McClain have been so cautious and so guarded in his words?

Finally, in rebuttal closing argument, the State argued:

The reason they had to put that down about, 'I will kill you,' is because that's what he said, 'I will kill you.' Why did he say that? Because he didn't get him that time, and that's the reason he's going to kill him next time. Ladies and gentlemen, you better believe he will.

■ The prosecutor has a right to argue reasonable inferences from the evidence which he believes in good faith to be justified. *State v. McDonald,* 661 S.W.2d 497, 506 [13–16] (Mo.banc 1983), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). Here, the prosecutor was inferring an immediate past intent to kill Trooper Sturdevant from Defendant's statement of his future intent to so do. At no time did the prosecutor state that Defendant's expected actions would be the direct result of the jury's acquittal. *State v. Walls,* 744 S.W.2d 791, 798 [8] (Mo.banc 1988). Point denied.

■ In his second point, Defendant asserts the trial court erred in overruling his objection to the prosecutor's comments during closing argument that the State's evidence remained uncontroverted. Defendant argues that the prosecutor's remarks constituted an impermissible reference to Defendant's right to testify. However, a prosecutor is not prohibited from making references to Defendant's failure to offer evidence. *State v. Simmons,* 654 S.W.2d 190, 191 [1, 2] (Mo.App.1983). The prosecutor's statements were permissible comments on Defendant's failure to offer evidence. Point denied.

■ Finally, Defendant asserts the trial court erred by overruling his objection to the prosecutor's argument in closing that

to acquit Defendant, the jury would have to find that the State's witnesses had lied. Defendant contends this argument misstated the law and distorted the State's burden of proving Defendant guilty beyond a reasonable doubt by requiring Defendant to impeach the State's witnesses' testimony.

During rebuttal closing argument, the prosecutor asserted:

> ... I submit to you that in order to find the Defendant not guilty you've got to say the State has not meant [sic] their burden of proof. But, also, in order to do that I'd say to you that you'd have to say to Ranger Busch, Ranger Ratliff, Ralph Sturdevant, Mark Stamps, and Joseph Crump and say you are all lying, folks.

The court overruled defense counsel's objection that this was a "misstatement of the law." The prosecutor then continued:

> You'd have to say that they're lying. And I think when you look at this, when you look at all—Remember that instruction that the judge gave you talking about credibility of the witnesses? Look at them. What do they have to prove? They aren't all lying.

■ A prosecutor has the right to comment on the evidence and the credibility of witnesses from the State's standpoint during closing argument. *State v. Nickens*, 701 S.W.2d 478, 483 [2, 3] (Mo.App.1985). There was no misstatement of law or distortion of the burden of proof.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.